■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PATTERSON, Also Known as KENNETH BOYER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, (1) rendered August 22, 1978, convicting him of one count of criminal sale of a controlled substance in the second degree and (2) rendered August 23, 1978, convicting him of a second count of criminal sale of a controlled substance in the second degree, upon a jury verdict and imposing sentence. Judgment affirmed. Whatever errors may have been committed were harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt (*People v Crimmins,* 36 NY2d 230). Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI THOMAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 6, 1978, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The court charged the jury that "a person is presumed to intend the natural consequence of his act", a charge which was disaffirmed by the decision of the United States Supreme Court in *Sandstrom v Montana* (442 US 510). However, intent was not at issue. Defense counsel conceded, in his summation, that the issue in this case was that of identification. Therefore, any error in this portion of the charge was harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230). Although the trial court refused to deliver the defendant's proposed charge as to the issue of identification, the charge given sufficiently alerted the jury to the possibility of mistaken identification and, hence, was proper. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.