OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
None of the three grounds urged by defendant warrants reversal of his conviction. There was no abuse of discretion in the trial court’s rulings as to the use of evidence of defendant’s prior convictions for impeachment purposes if he took the witness stand. Accordingly, beyond this, appellate review of the trial court’s rulings terminated at the Appellate Division (People v Pollock, 50 NY2d 547, 549-550).
Defendant’s contention, that inasmuch as there was no independent evidence that his alibi had been fabricated no false alibi charge should have been given, was not preserved for our review, there having been no protest sufficient to draw the attention of the trial court to this contention.
Finally, although it may be said in retrospect that the court’s charge with respect to the People’s burden of prov *832 ing defendant’s guilt beyond a reasonable doubt as related to the alibi defense could have been more precisely phrased, the jury, hearing the whole charge, would have gathered from its language the correct rule to have been applied in arriving at its verdict; none of the asserted imperfections were such as to warrant reversal of defendant’s conviction.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.