■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FILOMENO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 12, 1983, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

There is no indication in the record that the defendant, prior to the imposition of sentence, sought to withdraw his plea. Therefore, his challenge to the sufficiency of his plea allocution was not preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636). Nor is reversal required in the

exercise of our interest of justice jurisdiction. A defendant who accepts a bargained-for plea to a lesser crime than that charged in the indictment forfeits his right to challenge the factual basis for the plea (see, People v Pelchat, 62 NY2d 97, 108; People v Clairborne, 29 NY2d 950; People v Caban, 131 AD2d 863). In any event, the record amply demonstrates that the plea was knowingly and voluntarily entered with the assistance of counsel, and there is no suggestion that the plea was improvident or baseless (see, People v Caban, supra).

Lastly, we conclude that the trial court's refusal to appoint an investigator to obtain the defendant's presence at a hearing to reconstruct the sentence minutes which were lost was not an abuse of discretion (see, County Law §§ 722-c, 722-e). The defense counsel made his application at the conclusion of the reconstruction hearing and only after the court inquired as to the defendant's absence. Moreover, the defense counsel had already stated that the defendant had no recollection as to the issue to be determined, i.e., whether a motion to withdraw his plea had been made. Thus, his testimony would have no bearing on the court's determination. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.