■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARTIN GAINES, Appellant.—Judgment unanimously affirmed. Memorandum: The proof of defendant's guilt of felony (arson) murder is overwhelming. On February 1, 1982, while fighting a fire at the Apex grocery store in Niagara Falls, firefighter Charles Palmore became entrapped in the apartment above the store and lost his life. The evidence at the trial indicated the fire had been set. When the fire was first discovered, the rear door of the store was wide open and footprints in the snow led away from the door. The burn pattern, the intensity of the fire, and charred specimens indicated that an accelerant had been used.

In his detailed statement to the police, defendant indicated that he deliberately set fire to the store because he was angry with the owner. He admitted that he spread flammable fluid on the floor and ignited it with a burning cigarette. He removed batteries and coffee from the store and took them to his home across the street. Upon arriving home he awakened his sister and told her to look out the window and see the fire —that was what the owner deserved.

His sister testified that defendant told her to look out of the window and that when she did, she saw the store in flames. Defendant told her he had broken into the store and set it on fire and that he had taken coffee and batteries from the store. He gave her the coffee and said that he hid the batteries under the mattress of her son's bed. The police found the batteries, with the store's price tags attached, underneath the mattress where defendant told his sister he had hidden them. Defendant's fingerprints were found on the batteries.

A jail inmate testified that defendant, while in jail, stated that he had broken into the store and set the fire because he wanted to force the owner out of the neighborhood and that, after he set the fire, he went across the street to his house to watch the fire.

None of the issues raised on appeal concerns the weight of the evidence. We reject defendant's contention that the statement he gave to the police should have been suppressed because the police should have known that, at the time the statement was given, defendant was represented by an attorney on a prior unrelated charge. We find from the evidence at the hearing, as did the suppression court, that defendant told the officer who questioned him that he was not then represented by an attorney in any pending criminal matter; that the officer was unaware of any charges pending against defen-

dant; and that the evidence adduced at the hearing indicates that the police did not deliberately overlook the obvious or insulate the interrogating officer from actual knowledge of the charge *(see, People v Servidio,* 54 NY2d 951; *see also, People v Shavers,* 69 NY2d 766, 767; *People v Lucarano,* 61 NY2d 138, 145).

We also reject defendant's contention that the judgment should be reversed because of prosecutorial misconduct. None of the alleged acts of prosecutorial misconduct was preserved for review and, in any event, the alleged acts did not deprive defendant of a fair trial.

In defendant's *pro se* supplemental brief, he first contends that arson was not the direct cause of the victim's death. We disagree. The proof shows that defendant caused the death of the firefighter in the course of committing the arson (Penal Law § 125.25 [3]).

Contrary to defendant's contention, the court's instructions to the jury defining reasonable doubt, read as a whole, were proper and did not confuse the jury or dilute the People's burden of proof *(see, People v Jones,* 27 NY2d 222; *People v Fox,* 72 AD2d 146, 147 [citing *People v Bonifacio,* 190 NY 150]). We note that the language "hearts and consciences" was not used in defining the burden of proof and the term "reasonable doubt".

We have considered the other issues raised by appellate counsel and by defendant, *pro se,* and we conclude that they lack merit. Only one requires comment. Defendant, *pro se,* argues that the five-year delay on the part of his assigned counsel in perfecting the appeal deprived him of effective assistance of counsel, mandating a reversal of his conviction. The delay in this case is unfortunate and regrettable. We have taken vigorous steps to guard against such delays in the future. We have urged public authorities to provide more funds and personnel to perfect the ever-increasing number of appeals taken by indigent defendants in criminal cases; we have encouraged the Bar to provide *pro bono* assistance to public defenders to help reduce their backlog of pending appeals; we have established strict deadlines for the perfection of appeals by assigned counsel; and we have established a system to monitor assigned counsel's compliance with the deadlines.

Our efforts should benefit indigent defendants in future cases. We must, however, turn to the issue raised by defendant in this case. Contrary to defendant's claim, we find that

he was not deprived of effective assistance of appellate counsel. In view of our disposition of the merits of the appeal, we find that defendant has suffered no substantial prejudice by reason of the delay in perfecting his appeal. (Appeal from judgment of Niagara County Court, Hannigan, J.—murder, second degree, and other charges.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.