■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PACHECO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 14, 1987, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant's claim that the courts lack the statutory or inherent power to vacate a guilty plea may be tested in a proceeding pursuant to CPLR article 78 in the nature of a writ of prohibition *(Matter of Kisloff v Covington,* 73 NY2d 445). The defendant here did not seek to raise this contention by way of such a proceeding, but declined the offer to go to trial and reentered his guilty plea with the express understanding that he would receive a sentence of 3 to 9 years' imprisonment *(cf., People v Daniels,* 132 AD2d 667; *People v Brunson,* 131 AD2d 689).

"[A] plea of guilty generally precludes appellate review of nonjurisdictional defects in the proceedings" *(People v Motley,*

69 NY2d 870, 871-872). Thus, by entering a guilty plea, a defendant forfeits his right to seek reversal of his conviction on a variety of grounds *(see, People v Motley, supra* [nonjurisdictional challenges to indictment precluded by the guilty plea]; *People v Taylor,* 65 NY2d 1 [guilty plea results in forfeiture of a defendant's right to challenge identification testimony or the prosecution's failure to furnish notice of its intention to offer evidence of the defendant's statements at trial]; *People v Coombs,* 138 AD2d 619 [by pleading guilty the defendant forfeits any claim on the issue of his statutory right to a speedy trial]; *People v Filomeno,* 138 AD2d 734 [a defendant forfeits his right to challenge the factual basis for a guilty plea where he accepts a bargained-for plea to a lesser crime than that charged in the indictment]; *People v Corti,* 88 AD2d 345 [a defendant who enters a guilty plea prior to a decision on a suppression motion waives final determination of the motion]).

Similarly, in the instant case, the defendant's claim that the court improperly vacated his original guilty plea was forfeited when he pleaded guilty the second time.

We have considered the defendant's remaining contention and find it to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.