■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN RYAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court committed reversible error by submitting to the jury sheets containing elements of the crime, without defendant's consent, relying on *People v Nimmons* (72 NY2d 830). Unlike the facts in *Nimmons,* however, this issue is unpreserved, and we decline to reach it in the interest of justice (CPL 470.15 [6]).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Orleans County Court, Miles, J.—assault, second degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS TORRES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the third degree, criminal possession of stolen property in the second degree, grand larceny in the third degree and conspiracy in the fifth degree. We have reviewed each of the issues raised by defendant on appeal and none requires reversal.

Although a police officer's testimony that one of the accomplices had implicated defendant constituted improper bolstering *(see, People v McClean,* 69 NY2d 426, 428; *People v Davis,* 44 NY2d 269, 277), the proof of defendant's guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for this error *(see, People v Crimmins,* 36 NY2d 230, 242).

We also find that the testimony of defendant's two accomplices was sufficiently corroborated by evidence from independent sources tending to connect defendant with the crime *(see,* CPL 60.22 [1]; *People v Moses,* 63 NY2d 299). (Appeal from judgment of Orleans County Court, Miles, J.—criminal possession of stolen property, second degree, and other charges.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.