882

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON BARBER, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not abuse its discretion in denying defendant's application for authorization to obtain an investigator at county expense *(see,* County Law § 722-c) because defendant failed to make the required showing of necessity to justify the request *(see, Johnson v Harris,* 682 F2d 49, 50-51, *cert denied* 459 US 1041; *People v Filomeno,* 138 AD2d 734, 735, *lv denied* 71 NY2d 1026; *People v Pride,* 79 Misc 2d 581, 582-583). Defendant's claim regarding the court's submission to the jury of a summary of the statutory elements of each crime charged in the indictment was not preserved for review *(cf., People v Nimmons,* 72 NY2d 830, 831) and we decline to reach it in the interest of justice *(see, People v Ryan,* 152 AD2d 960). Defendant was not denied due process of law by the delay in perfecting this appeal because defendant cannot demonstrate prejudice as a result of the delay *(see, People v Cousart,* 58 NY2d 62; *People v Pratt,* 149 AD2d 956; *People v Gaines,* 143 AD2d 520, *lv denied* 73 NY2d 855). We have reviewed defendant's remaining claims including those made in his *pro se* brief and find each one lacking in merit. (Appeal from judgment of Livingston County Court, Houston, J.—sexual abuse, first degree.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. LUCARIELLO, Appellant.—Judgment unanimously affirmed. Memorandum: From our review of the record, we conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea *(see,* CPL 220.60; *People v Ramos,* 63 NY2d 640, 642; *People v Frederick,* 45 NY2d 520, 524-525; *cf., People v Hollis,* 74 AD2d 585). (Appeal from judgment of Chautauqua County Court, Adams, J.—criminal sale of controlled substance, second degree, and another charge.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.