■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WALLACE, JR., Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: The defendant's contention that he was denied a fair trial as a result of the prosecutor's improper inquiry into a defense witness's religious beliefs is meritless. Although we conclude that such inquiry should not be countenanced, in the instant case the error was harmless in view of the overwhelming proof of defendant's guilt and the unlikelihood that a different result would have been reached but for the error *(see, People v Wood,* 66 NY2d 374, 379-380; *People v Crimmins,* 36 NY2d 230, 241-

242). Also meritless is the defendant's contention that the court's instruction on circumstantial evidence denied him a fair trial by implying that the People's burden of proof was less than beyond a reasonable doubt. Notwithstanding the court's failure to incorporate the exclusion concept in its charge *(see, People v Ford,* 66 NY2d 428, 442) and the reference that the circumstantial evidence be "clear and convincing", we find this to be harmless error in view of the overwhelming proof of the defendant's guilt *(see, People v Borazzo,* 137 AD2d 96, *lv denied* 72 NY2d 916). Moreover, we find that the court's charge, when considered as a whole, conveyed the proper standard of proof to the jury *(see, People v Canty,* 60 NY2d 830; *People v Blackshear,* 112 AD2d 1044, *lv denied* 66 NY2d 917). Further we note that since there was direct evidence of a full confession made by the defendant to a fellow inmate, the circumstantial evidence charge need not have been given at all *(People v Sanchez,* 61 NY2d 1022; *People v Barnes,* 50 NY2d 375, 380; *People v Bretagna,* 298 NY 323). There is no merit to defendant's contention that he was denied a fair trial by the prosecutor's repeated effort to force the defendant to characterize the People's witnesses as liars and by his reference in summation that the trial was a "search for the truth". We do not find the prosecutor's remark made in summation to be prejudicial, since it did not reflect directly on the burden of proof *(see, e.g., People v Reyes,* 119 AD2d 596, *lv denied* 68 NY2d 772). Although the prosecutor's attempt to force the defendant to characterize the People's witnesses as liars was error, it is harmless in view of the overwhelming proof of defendant's guilt and the ameliorative effect of the length of the trial *(see, People v Galloway,* 54 NY2d 396, 400). In addition, there is no merit to defendant's contention that he was denied a fair trial by reason of the prosecutor's improper remarks on his violent propensities. We note that no objection was made and, considering the overwhelming evidence of defendant's guilt, we decline to exercise our discretionary power to reverse in the interest of justice since the challenged remarks were not so prejudicial as to deprive the defendant of a fair trial *(see, People v Sim,* 53 AD2d 992, *affd* 44 NY2d 758). Finally, defendant's contention that he has been denied due process as a result of delay in appellate review of his 1978 murder and rape convictions is without merit since he has failed to demonstrate prejudice resulting from such delay *(see, People v Barber,* 154 AD2d 882, *lv denied* 75 NY2d 810; *People v Pratt,* 149 AD2d 956) and the appeal is meritless *(see, People v Gaines,* 143 AD2d 520, 521, *lv*

*denied* 73 NY2d 855). We have reviewed the remaining arguments raised by defendant and consider them to be without merit. (Appeal from judgment of Wyoming County Court, Conable, J.—murder, second degree.) Present—Dillon, P. J., Doerr, Lawton, Davis and Lowery, JJ.