■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL I. HILL, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from a judgment of conviction, following a jury trial, of rape, sodomy and sexual abuse, defendant contends that there was insufficient evidence of "forcible compulsion" (Penal Law § 130.00 [8]). In a prosecution for sex offenses based upon forcible compulsion, the

proper focus is on the state of mind produced in the victim by the defendant's conduct *(People v Thompson,* 72 NY2d 410, 415-416). Moreover, whether the sexual intercourse was voluntary or the result of forcible compulsion is a question of fact for the jury to determine *(see, People v Yannucci,* 283 NY 546, 549; *People v Vicaretti,* 54 AD2d 236, 241-242). Here, the victim testified in detail as to the express and implied threats of defendant and the codefendant and her fear for her personal safety if she refused to submit. Given that testimony, which the jury found credible, we conclude that the evidence was sufficient to establish forcible compulsion.

The court did not err in admitting the victim's bloodstained pants into evidence. Because the item in issue is clothing, identification of the item by the victim as her clothing was sufficient for its admission into evidence *(see, People v Samuels,* 121 AD2d 751; *People v Flores,* 101 AD2d 657). The pants, a nonfungible piece of evidence, were identified by the victim as the pants she was wearing on the night of the incident. Additionally, the clothing was probative on the issue of whether any force was used.

Defendant contends that the verdict sheet submitted to the jury improperly amended the indictment. There was no objection to the verdict sheet; thus that issue was not preserved for appellate review (CPL 470.05; *People v Barber,* 154 AD2d 882, *lv denied* 75 NY2d 810, 917; *People v Ryan,* 152 AD2d 960, *lv denied* 74 NY2d 899). Were we to review that issue in the interest of justice, we would find no merit to defendant's claim.

Finally, we conclude that the court did not abuse its discretion in imposing the sentence. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—rape, first degree.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.