■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. HARRIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree. The convictions arose from an incident that occurred on April 12, 1988 when defendant allegedly stabbed his girlfriend in the chest with a butcher knife following an argument in their home. He contends, *inter alia,* that the court's

instruction to the jury about comments made by defense counsel on summation shifted the burden of proof and denied him a fair trial. Defendant concedes that the major portion of the court's charge was in basic conformity with the pattern instruction found in Criminal Jury Instructions (1 CJI[NY] 5.01, at 218) but took exception to that part wherein the court stated that "If the argument is inherently improbable, then you should reject it." It should be noted that the court's charge made only general reference to the arguments of counsel and applied equally to the prosecutor and defense counsel. In addition, the court repeatedly instructed the jury that the People had the burden of proving defendant's guilt beyond a reasonable doubt. Although the court's instruction concerning the weight the jury should give the arguments of counsel during summation could have been more precisely phrased, we conclude that the court's charge, when considered as a whole, conveyed the proper standard to the jury (see, People v Canty, 60 NY2d 830, 831-832; People v Wallace, 159 AD2d 1022).

We find the other claims raised by appellate counsel and defendant in his pro se brief to be without merit. The failure of counsel to request a particular hearing, without more, does not constitute ineffective assistance of counsel (see, People v Rivera, 71 NY2d 705, 709; People v Williams, 140 AD2d 969, 970). In any event, defendant's statements made to the police were noninculpatory and were consistent with his trial defense that complainant had stabbed herself. Thus, trial counsel's failure to request a Huntley hearing may well have been a matter of trial strategy. We find that defendant was not deprived of a fair trial by the People's inability to produce the knife which caused the complainant's injury. The record establishes that the knife had been inadvertently lost by the police after it had been tested for fingerprints, that the testing was negative, and that these facts were brought to the attention of the jury. Given the overwhelming evidence of guilt, the absence of bad faith on the part of the People and the speculative exculpatory value of the evidence, the loss of the evidence in this case does not require dismissal (see, Arizona v Youngblood, 488 US 51; People v Haupt, 71 NY2d 929; People v LaBounty, 127 AD2d 989). Finally, the court did not abuse its discretion in sentencing defendant to the maximum indeterminate term of 3½ to 7 years. (Appeal from judgment of Erie County Court, Wolfgang, J.—assault, second degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.