■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HAZLETT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment

convicting him, following a jury trial, of robbery in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the third degree and petit larceny. On appeal, defendant contends that the trial court impermissibly reduced the People's burden of proof when it instructed the jury to "[l]et no guilty person be acquitted. It is equally important, Ladies and Gentlemen, that no innocent person be found guilty". While this instruction was improper, we find that the court, on numerous occasions, correctly instructed the jury that the People had the burden of proving defendant's guilt beyond a reasonable doubt. Accordingly, the court's charge, when considered as a whole, conveyed the proper standard to the jury (see, People v Canty, 60 NY2d 830, 831-832; People v Harris, 163 AD2d 898). Moreover, we find the error harmless in view of the overwhelming evidence of defendant's guilt (see, People v Crimmins, 36 NY2d 230, 242; People v Wallace, 159 AD2d 1022; People v Mitchell, 72 AD2d 920, 921).

Further, although the prosecutor twice improperly suggested on summation that defendant's attorney had a negative view of defendant's case and testimony (see, People v Jones, 74 AD2d 854, 857) and improperly placed before the jury his personal belief that defendant was lying (see, People v Grice, 100 AD2d 419, 421), we cannot say that the prosecutor's conduct was so pervasive that defendant was deprived of a fair trial (see, People v Widger, 126 AD2d 962, lv denied 69 NY2d 1011; cf., People v Mott, 94 AD2d 415). (Appeal from judgment of Monroe County Court, Celli, J.—robbery, first degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.