■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIO ESPLINARD, Also Known as CORNELIUS ESPINEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 21, 1989, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review the propriety of the prosecutor's remarks on summation (see, CPL 470.05 [2]) and, in any event, her comments were either within the bounds of permissible advocacy, or in answer to issues raised by the defense, or harmless error (see, People v Galloway, 54 NY2d 396; People v Ashwal, 39 NY2d 105; People v Jackson, 124 AD2d 823).

The defendant's claim that the court's charge was unbalanced is also unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the charge as a whole, the jury was properly instructed about the rules to be applied in arriving at its verdict and none of the claimed errors warrant reversal of the defendant's conviction in the exercise of our interest of justice jurisdiction (see, People v Canty, 60 NY2d 830, 832; People v Russo, 133 AD2d 477; People v Jackson, 45 AD2d 828, affd 39 NY2d 64).

In light of the defendant's numerous prior convictions, the sentence was not excessive (see, People v Suitte, 90 AD2d 80). Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMED FOFANAH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered April 5, 1990, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.