■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN SCHRAMM, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant claims that he was deprived of his constitutional right to the effective assistance of counsel due to his trial counsel's failure to conduct an adequate pretrial investigation in order to recover exculpatory evidence. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" *(People v Garcia,* 75 NY2d 973, 974; *People v Rivera,* 71 NY2d 705, 709). We conclude that defendant failed to make such showing.

The record establishes that defendant's trial counsel, as a matter of trial tactics and strategy, exercised professional judgment in not taking any further action to locate and retrieve a missing gun which defendant allegedly took away from one of his victims. Defendant's attorney feared that, if the police became involved and failed to find the gun, that fact might be used against defendant at trial. Defendant testified in support of his justification defense, including his claim that he disposed of the gun by throwing it down the sewer. Although the gun might have lent some credence to defendant's testimony, the jury could still have rejected defendant's claim of self-defense because there was no way to link the recovered gun to the victim.

Defendant also contends that throughout the trial the prosecutor engaged in a consistent pattern of flagrant misconduct which had the cumulative effect of depriving defendant of his right to a fair trial. We note that in several instances the alleged errors were either unpreserved for review or were cured by the court in sustaining defense counsel's objections and giving curative instructions to the jury *(see, People v Cheek,* 168 AD2d 946; *People v Davis,* 163 AD2d 826). More-

over, the prosecutor's conduct was not so egregious as to deprive defendant of a fair trial *(see, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031; *People v Mott,* 94 AD2d 415, 418-419).

Defendant failed to object to the court's instructions to the jury with respect to the justification defense and, thus, this issue has not been preserved for appellate review. In any event, the charge, read in its entirety, properly stated the applicable law *(see, People v Wesley,* 76 NY2d 555, 559; *People v Goetz,* 68 NY2d 96, 114-115).

We have reviewed the other claims raised on this appeal and find them to be without merit. (Appeal from Judgment of Erie County Court, Drury, J.—Manslaughter, 1st Degree.) Present—Callahan, J. P., Doerr, Denman, Pine, and Lawton, JJ.