■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NEGRON, Also Known as MIKAIL MUWWAKKIL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered December 15, 1977, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We do not agree with the defendant's claim that the evidence adduced at the trial was legally insufficient. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's contention that the testimony of the eyewitness, an individual with a criminal history and a drug abuser, should not have been believed by the jury is unavailing. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In addition, we find that the defendant's statements were properly admitted into evidence. Although a suspect may not be questioned once he requests the assistance of an attorney (see, People v Cunningham, 49 NY2d 203, 205), in this case the hearing court properly determined that the defendant never

unequivocally invoked his right to counsel *(see, People v Fridman,* 71 NY2d 845; *People v Sanchez,* 117 AD2d 685).

Further, the defendant's contention that he has been denied due process as a result of delay in appellate review of his conviction is without merit since he has failed to demonstrate prejudice resulting from the delay *(see, People v Wallace,* 159 AD2d 1022; *People v Barber,* 154 AD2d 882; *People v Pratt,* 149 AD2d 956) and in view of our disposition of the merits of the appeal *(see, People v Gaines,* 143 AD2d 520, 521).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.