■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND SUMPTER, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that he was denied effective assistance of counsel. The record establishes that counsel's decision not to withdraw from the case in order to testify on defendant's behalf at the *Wade* hearing and at trial concerning an impropriety he allegedly witnessed at the line-up was founded in trial strategy and was made after consultation with defendant. Defendant's identity was a central issue at trial. Because the People's witnesses had only a limited opportunity to view defendant's partially concealed face during the robbery, counsel made a rational determination to downplay the issue of the propriety of the line-up and to focus instead on the ability of the eyewitnesses to view defendant and the inconsistencies in their testimony.

"To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" *(People v Garcia,* 75 NY2d 973, 974; *see, People v Rivera,* 71 NY2d 705, 709). Defendant has failed to make such a showing here *(see, People v Schramm,* 172 AD2d 1048, *lv denied* 78 NY2d 974). There is no requirement that counsel's representation be free from error *(People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867). Nor does the development and use of tactics or strategy that prove unsuccessful render the representation ineffective *(People v Anastasi,* 177 AD2d 952, *lv denied* 79 NY2d 852). Viewing the circumstances in their totality as of the time of the representation *(see, People v Baldi,* 54 NY2d 137, 147), we conclude that meaningful representation was afforded defendant *(see, People v Satterfield,* 66 NY2d 796, 799-800).

We find no error in the court's charge on corroboration of an accomplice's testimony. Although the initial instruction given by County Court might have been more precisely phrased, the instruction given following defendant's objection correctly conveyed to the jury the proper standard embodied in CPL 60.22 *(see, People v Canty,* 60 NY2d 830, 831). Defen-

dant has failed to preserve his further contention that County Court erred in charging: "let no guilty person be acquitted and let no innocent person be found guilty" *(see,* CPL 470.05 [2]). In any event, the contention is without merit. Although we have previously noted that such a charge is improper, where, as here, the court's instructions, on the whole, conveyed the proper burden of proof to the jury, reversal is not warranted *(see, People v Hazlett,* 167 AD2d 867, 868, *lv denied* 77 NY2d 878).

We have considered defendant's remaining contentions and find them to be without merit. Because the record fails to contain the minutes of the Grand Jury proceedings, we do not reach those contentions stated in defendant's *pro se* supplemental brief. (Appeal from Judgment of Monroe County Court, Celli, J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.