■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO J. SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered February 8, 1991, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that the Trial Judge erred in denying his requests to (a) charge the jury regarding the chain of custody of the two white paper packets which allegedly contained cocaine and (b) give an expanded identification charge. On the basis of the evidence adduced at the trial, we are satisfied that the requested instructions were not warranted (see, People v Whalen, 59 NY2d 273, 279; People v Perez, 77 NY2d 928; People v Thomas, 74 AD2d 614; People v Julian, 41 NY2d 340, 342-344). Moreover, we find that the court's charge, viewed as a whole, adequately conveyed to the jury the proper standards for evaluating the evidence presented (see, People v Canty, 60 NY2d 830, 831-832).

Although the prosecutor's summation comment implying that the defendant came to this country to sell drugs was better left unsaid, we find that it does not require reversal considering that the defense counsel in his summation introduced the topic by discussing the defendant's allegedly honest objectives in coming to this country. To the extent that the contentions regarding the remaining comments were preserved for appellate review, we find that any prejudice caused to the defendant was effectively limited by the court's prompt curative instructions *(see, People v Santiago,* 52 NY2d 865). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.