■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY STARLING, Appellant. [609 NYS2d 802] —Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Goodman, J.), rendered June 3, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Superior Court Information No. 75772/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court (Winick, J.), rendered June 3, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fifth degree under Superior Court Information No. 74154/90.

Ordered that the judgment and the amended judgment are affirmed.

Viewing the evidence adduced at the trial on Superior Court Information No. 75772/90 in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of both

criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on both counts was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, we find that the court's initial instructions to the jury with respect to the definition of "sell", regarding the criminal sale count *(see,* Penal Law § 220.00 [1]; § 220.39 [1]), and the definition of "intent", regarding the criminal possession count *(see,* Penal Law § 220.16 [1]), were proper *(see,* CPL 300.10 [2]; *People v Canty,* 60 NY2d 830, 832; *People v Gardner,* 59 AD2d 913). We also find that the court provided meaningful supplementary instructions to the jury's post-charge inquiries concerning the definitions of "intent" and "sell", when considered together with the court's overall charge on the elements of both the sale and possession counts *(see,* CPL 310.30; *People v Almodovar,* 62 NY2d 126, 131-132; *People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847).

The defendant's remaining contentions with respect to the court's charge and supplementary instructions to the jury are either unpreserved for appellate review or without merit.

We have examined the defendant's contention with respect to the propriety of the sentences imposed and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.