■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD DUCKSWORTH, Appellant. [619 NYS2d 632] —Appeal by the defendant from a judgment of the County Court, Nassau County (Dunne, J.), rendered June 22, 1992, convicting him of assault in the first degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

· Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by

the court's failure to give a justification charge, pursuant to Penal Law § 35.15 (2) (b), which permits the use of deadly physical force. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence from which the jury could have concluded that the defendant was the victim of a robbery *(see, People v Watts,* 57 NY2d 299). Accordingly, the trial court properly declined to submit the requested charge to the jury *(see, e.g., People v Ruiz,* 138 AD2d 420). We have examined the defendant's remaining contentions with respect to the adequacy of the court's instructions to the jury regarding his use of physical force in self-defense and find that, under the circumstances of this case, the jury could gather from hearing the entire charge the correct rules to apply in arriving at its verdict *(see,* Penal Law § 35.15 [1] [b]; [2] [a] [i]; *People v Canty,* 60 NY2d 830).

Contrary to the defendant's contention, the sentence imposed was not excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.