■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN VALENTIN, Appellant. [624 NYS2d 1007] —Judgment unanimously affirmed. Memorandum: The contention of defendant that he was denied effective assistance of counsel because his counsel failed to request a probable cause hearing is without merit. It is well settled that "a showing that counsel failed to make a particular pretrial motion does not, by itself, establish ineffective assistance of counsel" *(People v Rivera,* 71 NY2d 705, 709; *see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Harris,* 163 AD2d 898, 899, *lv denied* 76 NY2d 893; *People v Williams,* 140 AD2d 969, 970; *People v Lawton,* 134 AD2d 454, 455, *lv denied* 71 NY2d 1029). Here, the performance of defendant's attorney, "viewed in totality and as of the time of the representation, reveal[s] that [defendant's] attorney provided meaningful representation [and, therefore], the constitutional requirement [has] been met" *(People v Baldi,* 54 NY2d 137, 147; *see, People v Rivera, supra; People v Satterfield, supra; People v Harris, supra; People v Williams, supra).* Further, in our view, the circumstances existing at the time furnished probable cause for the police to arrest defendant *(see, People v Carrasquillo,* 54 NY2d 248, 254; *People v Quarles,* 187 AD2d 200, 203, *lv denied* 81 NY2d 1018; *People v Lawton, supra,* at 455). (Appeal from Judgment of Monroe County Court, Wiggins, Jr., J.—Rape, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.