■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO LINARES, Appellant. [626 NYS2d 172] —Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered on or about April 22, 1992, convicting defendant, after a jury trial, of criminally negligent homicide and leaving the scene of an incident as a felony, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The jury's verdict was neither based on legally insufficient evidence nor was it against the weight of the evidence. The evidence established that defendant ran a red light well after it had changed to red, and recklessly swerved around a tractor-trailer that had stopped to let pedestrians cross while making a righthand turn, whereupon defendant's car struck and killed a baby in a stroller. These facts were more than sufficient to establish criminally negligent homicide (see, People v Boutin, 75 NY2d 692, 697; People v Ricardo B., 73 NY2d 228, 235-236), and there was ample proof from which the jury could find that defendant committed each of these culpable acts.

Defendant's challenges to the court's initial and subsequent jury instructions are almost entirely unpreserved, and are without merit. Viewed as a whole (People v Canty, 60 NY2d

830, 831-832), each set of instructions conveyed the appropriate standards.

The People's summation did not exceed the broad bounds of permissible advocacy *(People v Galloway,* 54 NY2d 396, 399), particularly since the gruesome details of the crime were directly relevant to several issues in the case. Concur—Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.