Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERMIN VALDEZ POLANCO, Appellant. (Appeal No. 1.) [629 NYS2d 583] —Judgment unanimously affirmed. Memorandum: The record establishes that defendant knowingly, voluntarily and intelligently waived his right to appeal as part of a negotiated plea and sentence agreement (see, People v Callahan, 80 NY2d 273, 280; People v Moissett, 76 NY2d 909; People v Seaberg, 74 NY2d 1, 11). Although that waiver does not foreclose review of the contention of defendant that he was denied effective assistance of counsel (see, People v Rosado, 199 AD2d 833, 834, lv denied 83 NY2d 876; People v Ferguson, 192 AD2d 800, lv denied 82 NY2d 717), we conclude that "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147; see, People v Valentin, 212 AD2d 1052). It is well settled that "a showing that counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (People v Rivera, 71 NY2d 705, 709; see, People v Valentin, supra). Here, defense counsel negotiated an extremely favorable plea and sentence agreement for defendant.

Contrary to the contention of defendant, the record establishes that the court imposed the negotiated sentence.

Lastly, by entering a guilty plea, defendant waived his challenge to the sufficiency of the evidence before the Grand Jury (see, People v Pelchat, 62 NY2d 97, 108; People v Rivera, 209 AD2d 1037, 1038). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERMIN VALDEZ POLANCO, Appellant. (Appeal No. 2.) [629 NYS2d 693] —Judgment unanimously affirmed. Same Memorandum as in People v Polanco (216 AD2d 957 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Bail Jumping, 1st Degree.) Present—Green, J. P. Lawton, Wesley, Davis and Boehm, JJ.

■ MARY E. HEBERLE, Respondent, v RICHARD GARREN et al., Appellants. [629 NYS2d 713] —Order unanimously affirmed with costs (see, Pollack v Eskander, 191 AD2d 1022, appeal dismissed 81 NY2d 1067). (Appeal from Order of Supreme