■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CLIFF, Appellant. [646 NYS2d 834] —Appeal by the defendant (1) from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered February 18, 1992, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated November 20, 1992 which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Although the defendant contends that the complainant's testimony was not credible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, the record indicates that the court's charge on reasonable doubt, considered as a whole, properly explained the concept of reasonable doubt to the jury (*see, People v Canty,* 60 NY2d 830, 831-832). In addition, the court properly denied the defendant's request for a missing witness charge since the defendant failed to meet his initial burden of establishing that the uncalled witness was knowledgeable about a material issue pending in the case and that the witness would naturally be expected to provide testimony favorable to the People who had not called him (*see, People v Kitching,* 78 NY2d 532, 536).

Viewing the representation afforded the defendant in light of the evidence, the law, and the circumstances presented here, the defendant received meaningful assistance from his trial counsel (*see, People v Baldi,* 54 NY2d 137, 147).

Under the circumstances of this case, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) or without merit. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.