■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CAMPBELL, Appellant. [655 NYS2d 973] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 13, 1995, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court's charge, as a whole, properly conveyed to the jury the correct standard to be applied concerning the charges on criminal possession of a weapon and made clear to the jurors what weapons were relevant to those charges (*see, People v Adams*, 69 NY2d 805; *People v Canty*, 60 NY2d 830). Moreover, the defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE CASTELLI, Appellant. [655 NYS2d 974] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered October 5, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A review of the record demonstrates that the court gave a proper identification charge. The contentions of the defendant concerning the alleged errors in the charge are without merit. Even if we were to assume, however, that the challenged portions of the charge constituted error, they would not warrant reversal. The jury, hearing the whole charge, would have gathered from its language the correct rule to be applied in arriving at its verdict (*see, People v Canty*, 60 NY2d 830). Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.