■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR WILLIAMS, Appellant. [716 NYS2d 241] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession and criminal sale of a controlled substance in the third degree (Penal Law § 220.16 [1]; § 220.39 [1]) in connection with the sale of cocaine to an undercover officer. The officer testified at trial that he purchased the cocaine at 364 Weaver Street, and he identified defendant as the person who handed him two plastic bags containing cocaine. Defendant testified that, although he was at the premises, he was unaware that the officer had purchased cocaine, and he denied that he had any contact with the officer. During deliberations, the jury sent a note to Supreme Court asking, "[I]f there was no physical evidence the defendant did actually passing [sic] from his hands to [the officer's] hands, should we then make our decision based on the credibility of those two people?" The court denied defendant's request to reinstruct the jury that it was the People's burden to prove defendant's guilt. The court instructed the jury that, "[i]f the jury finds there is no physical evidence, you, of course, must base your decision upon the testimony evidence that will involve a finding of credibility of the witnesses by the jury."

Contrary to defendant's contention, the court's supplemental instruction did not improperly shift the burden of proof from the People to defendant. The court has discretion to respond as it deems proper to an inquiry by a deliberating jury (see, CPL 310.30), provided that the supplemental instruction is a meaningful response to the jury's inquiry (see, People v Malloy, 55 NY2d 296, 302, cert denied 459 US 847; see also, People v Weinberg, 83 NY2d 262, 267-268). Although it may have been preferable for the court to remind the jury that the People had the burden of proof, the court's failure to do so was not an abuse of discretion. In any event, the court's initial charge provided complete instructions with respect to the burden of proof and reasonable doubt and, considering the charge as a whole, we conclude that the jury "would have understood the correct rule to be applied in reaching its verdict" (People v Simmons, 203 AD2d 925, lv denied 83 NY2d 971; see, People v Canty, 60 NY2d 830, 831-832). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.