■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON MITCHEM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered May 9, 1989, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, without a hearing, of the defendant's oral motion to suppress identification testimony.

Ordered that the judgment is affirmed.

The crimes with which the defendant was charged arose from the defendant's sale of drugs to an undercover officer on May 4, 1988. The police videotaped the transaction by means of a camera which was concealed in a surveillance van parked across the street from where the sale occurred. Prior to the commencement of trial, the defendant made an oral application for a *Wade* hearing, claiming that the undercover officer's repeated viewing of the videotape constituted an impermissibly suggestive police-arranged identification procedure which would taint any subsequent identification. Therefore, he argued that such identification evidence must be suppressed. The trial court summarily denied the motion.

On this appeal, the defendant challenges the trial court's summary denial of his suppression motion claiming that because his arrest did not occur until four and one-half months after the drug transaction, any identification of him made by the undercover officer thereafter must be called into question. Contrary to the defendant's contention, we find that the court properly denied the defendant's suppression motion

without a hearing. The defendant does not deny that he is the individual depicted on the videotape together with his codefendant and the undercover officer. Rather, he claims that the events memorialized on the videotape do not depict an actual drug sale. Therefore, because identity is not in issue, the notice and hearing procedures of CPL article 710 for testing the constitutional propriety of pretrial identification procedures do not come into play *(see, People v Gissendanner,* 48 NY2d 543, 552; *cf., People v Wharton,* 74 NY2d 921; *People v Kearn,* 118 AD2d 871). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.