■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE MCCREARY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 7, 1990, convicting him of criminal sale of a

controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's renewed motion to suppress identification evidence.

Ordered that the judgment is affirmed.

The crimes with which the defendant was charged arose from the defendant's sale of drugs to an undercover officer. The police videotaped the initial phase of the transaction during which the defendant approached the undercover officers and told them that "he had dimes" to sell. Approximately 90 minutes after the transaction had occurred, the undercover officers viewed the videotape. Before that trial began, the defendant moved to suppress evidence of any in-court identifications and any out-of-court identifications by the undercover officers who viewed the videotape. In the alternative, the defendant moved for a *Wade* hearing. The court summarily denied the motion, ruling that the defendant was not entitled to a hearing or to notice pursuant to CPL 710.30.

On this appeal, the defendant challenges the court's determination, claiming, among other things, that a *Wade* hearing was needed to determine whether the viewing of the videotape constituted an impermissibly suggestive identification procedure. We disagree. The defendant does not deny that he is the individual depicted on the videotape. Rather, he claims that the events memorialized on the videotape do not depict an actual drug sale. Therefore, because identity is not an issue, the notice and hearing procedures of CPL article 710 for testing the constitutional propriety of pretrial identification procedures do not come into play (*see, People v Mitchem,* 171 AD2d 888; *People v Gissendanner,* 48 NY2d 543, 552).

We have reviewed the defendant's remaining contention and conclude that it is without merit. Thompson, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.