*Medina,* 53 NY2d 951; *People v Hansen,* 158 AD2d 542, 543; *People v Fisher,* 148 AD2d 628) and the others were responsive to the defense counsel's summation and did not exceed the bounds of fair comment on the evidence *(see, People v Ashwal,* 39 NY2d 105, 109; *People v Reynolds,* 169 AD2d 740; *People v Lee,* 167 AD2d 354, 355; *People v Rivera,* 131 AD2d 518, 519).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEFKI MATI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered August 7, 1989, convicting him of criminal sale of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that an in-court identification of him by one of the undercover officers who bought cocaine from him should have been suppressed because it was based on an unduly suggestive station house showup. We disagree. Because it was undisputed that the undercover officer had either seen or met with the defendant approximately 30 times during the course of the undercover operation, the defendant's identity was not at issue and suggestiveness is not a concern in this case *(see, People v Gissendanner,* 48 NY2d 543).

The defendant contends that the People failed to establish his accessorial liability with regard to the charge arising from the codefendant's sale of cocaine to one of the undercover officers. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of this charge beyond a reasonable doubt. The People proved that the defendant arranged the sale, possessed the cocaine, negotiated the price, and had the requisite intent to commit the crime *(see,* Penal Law § 20.00). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the sealing of the courtroom during the testimony of two of the undercover officers did not deny him his right to a fair trial *(see, People v*

*Wharton,* 143 AD2d 958, *affd* 74 NY2d 921). The court properly determined that closure was necessary to protect the undercover police officers' safety because they were then engaged in ongoing investigations *(see, People v Richards,* 157 AD2d 753, *affd* 77 NY2d 969).

We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are without merit. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.