■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS FREDERICK, Appellant. [602 NYS2d 107] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered January 14, 1991, which convicted defendant, upon his plea of guilty, of attempted murder in the second degree, two counts of robbery in the first degree, criminal possession of a weapon in the second degree, two counts of assault in the first degree, criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, seven counts of criminal possession of a controlled substance in the third degree, and three counts of criminal sale of a controlled substance in the second degree, and sentenced him to five to fifteen years on the attempted murder count, two terms of eight and one-third to twenty-five years on the robbery counts, one term of five to fifteen years on the weapons count, two terms of five to fifteen years on the assault counts, two terms of nineteen years to life on the first degree sale and possession counts, one term of eight and one-third to twenty-five years for one of the third degree possession counts, six terms of eight to twenty-four years on the remaining third degree possession counts, and three terms of eight years to life on the second degree sale counts, all to run concurrently, unanimously affirmed.

Defendant claims that his plea of guilty to attempted murder in the second degree was invalid because the element of

intent was not established at the plea allocution. This claim is unpreserved for appellate review as defendant failed to raise it in his motion to withdraw his plea *(People v Lopez,* 71 NY2d 662, 665) and we decline to review it in the interest of justice. Were we to review the claim, we would find it to be without merit inasmuch as the allocution sufficiently demonstrated that defendant intentionally aided his accomplice in the shooting of the undercover police officer *(see, People v Flayhart,* 72 NY2d 737, 741).

The court did not err in summarily denying defendant's motion for a *Wade* hearing. When a defendant's identity is not in issue, " ' "suggestiveness" is not a concern' " and there is no need for a hearing *(People v Rodriguez,* 79 NY2d 445, 449; *People v McCreary,* 176 AD2d 896, 897, *lv denied* 79 NY2d 860). Thus, "the notice and hearing procedures of CPL article 710 for testing the constitutional propriety of pretrial identification procedures do not come into play." *(People v McCreary, supra,* at 897.) Concur—Sullivan, J. P., Carro, Kupferman and Nardelli, JJ.