# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1096
KA 10-00668
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TIM HENRY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered February 1, 2010. The judgment convicted defendant, upon his plea of guilty, of vehicular manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of vehicular manslaughter in the first degree (Penal Law § 125.13 [3]). We agree with defendant that his waiver of the right to appeal is invalid because County Court's " 'single reference to defendant's right to appeal is insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Allen*, 64 AD3d 1190, 1191, *lv denied* 13 NY3d 794; *see People v Said*, 105 AD3d 1392, 1393, *lv denied* 21 NY3d 1019). The court's somewhat expanded discussion of the right to appeal on the date of sentencing, after the sentence was pronounced, did not rectify the inadequate colloquy at the time the plea was entered (*see People v Gil*, 109 AD3d 484, 484-485).

We nevertheless reject defendant's contention that the court erred in refusing to suppress his statements to the police on the ground that the statements allegedly were made in violation of his right to counsel. The right to counsel attaches, inter alia, "when a person in custody requests to speak to an attorney or when an attorney who is retained to represent the suspect enters the matter under investigation" (*People v Grice*, 100 NY2d 318, 321; *see People v Foster*, 72 AD3d 1652, 1653, *lv dismissed* 15 NY3d 750). Here, defendant did not ask to speak to an attorney at any point during the police interrogation. Defendant's statements to the effect that he

had an attorney and his questions whether he should have an attorney present were not an unequivocal invocation of the right to counsel (*see People v Hicks*, 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Hall*, 53 AD3d 1080, 1081-1082, *lv denied* 11 NY3d 855; *People v Cotton*, 277 AD2d 461, 462, *lv denied* 96 NY2d 757).  Further, defendant failed to "present[] evidence establishing that he was in fact represented by counsel at the time of interrogation, as defendant contended" (*People v Hilts*, 19 AD3d 1178, 1179).  Although defendant indicated that he had a lawyer in connection with his marital separation, we conclude that the lawyer "was not retained 'in the matter at issue' " (*Foster*, 72 AD3d at 1654, quoting *People v West*, 81 NY2d 370, 373-374).  Contrary to the further contention of defendant, "the record of the suppression hearing supports the court's determination that the statements at issue were not rendered involuntary by reason of any alleged coercion by the police" (*People v Kirk*, 96 AD3d 1354, 1357, *lv denied* 20 NY3d 1012; *see People v Camacho*, 70 AD3d 1393, 1393-1394, *lv denied* 14 NY3d 886; *People v Martin*, 55 AD3d 1236, 1237, *lv denied* 11 NY3d 927, *reconsideration denied* 12 NY3d 855).

Defendant further contends that the court erred in refusing to suppress certain identification testimony because it was based on an unduly suggestive single-photograph display.  We reject that contention.  Where, as here, the defendant's identity is not in issue, " 'suggestiveness' is not a concern" (*People v Gissendanner*, 48 NY2d 543, 552; *see People v Frederick*, 196 AD2d 791, 792, *lv denied* 82 NY2d 894; *People v Mati*, 178 AD2d 556, 556, *lv denied* 79 NY2d 921).

Finally, the agreed-upon sentence is not unduly harsh or severe.

Entered:  November 8, 2013                      Frances E. Cafarell
                                                Clerk of the Court