■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO OVALLE, Appellant.—Judgments of the Supreme Court, New York County (Juanita Bing Newton, J.), both rendered October 6, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of from 4½ to 9 years and from 2 to 4 years on the third and fifth degree sale convictions, respectively, are unanimously affirmed.

Defendant's conviction arose from his sale of narcotics to undercover officers on two separate occasions. Defendant was first tried and convicted on the second sale. Subsequently,

defendant pleaded guilty to cover the indictment arising from the first sale and, on the same day, he was sentenced for both convictions.

On appeal, defendant argues that the prosecutor, at trial, impermissibly shifted the burden of proof in his summation by asserting that there was "no proof" in the record to support some of the defense arguments.

The theory of the defense was that of mistaken identification. In support of this theory, defense counsel, on summation, attacked the credibility of the undercover officers who testified, and he also hypothesized that the actual seller might have evaded the police by exiting the back door of the apartment building where the drugs were sold. Notably, there was no evidence adduced at trial to support this theory. As such, the challenged remarks made by the prosecutor on summation were a fair response to the defense summation (see, People v Marks, 6 NY2d 67, 77-78, cert denied 362 US 912). Indeed, a prosecutor is permitted to comment on the lack of evidence or testimony supporting a defendant's claim (People v Ashwal, 39 NY2d 105, 109-110). We also note that the prosecutor's comments were subsequently clarified by the court in its curative instructions (see, People v Galloway, 54 NY2d 396, 399).

Vacatur of defendant's subsequent plea of guilty under the first indictment (arising from the first sale) is inappropriate where defendant has failed to make a showing that the plea was predicated upon an improperly obtained conviction (see, e.g., People v Rogers, 48 NY2d 167, 174-175). Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.