■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SANTANA, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered on September 6, 1989, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and sentencing him to a prison term of 6 years to life, to run concurrently to a prison term of 2 to 4 years imposed under a separate indictment, unanimously affirmed.

In response to a radio call of shots fired from inside 615 West 184th Street, apartment 1, in Manhattan, two uniformed police officers arrived and positioned themselves outside the apartment door. Before they knocked or announced their presence, an individual inside the apartment opened the door, allowing the officers to see defendant inside, in possession of a plastic bag containing a white powder, later identified as cocaine.

The trial court did not err in curtailing defense counsel's cross-examination of a prosecution witness regarding whether or not the arresting officer tailored his testimony to meet Fourth Amendment constitutional requirements. Defense counsel was permitted to cross-examine the officer as to the officer's observations and actions at the time of the incident, as well as his general knowledge concerning valid arrests and seizures. We find that defendant was afforded sufficient leeway to attempt to establish his defense, and that such restrictions as were placed on him by the trial court were reasonable and proper under the circumstances.

Remarks by the prosecutor, on summation, including statements that the officers knew that they could not search the apartment without a warrant, that the "defense of frame is

the defense of last resorts", and that the jury should not get "sucked in" by defendant's arguments, were either fair comment, responsive to defendant's counsel's remarks, or not so prejudicial as to warrant a new trial. *(People v Adams,* 163 AD2d 318.) Concur—Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ.