◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GATHERS, Appellant. [616 NYS2d 732] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered February 7, 1992, convicting defendant, after a jury trial, of attempted robbery in the second degree and sentencing him, as

a violent predicate felon, to a term of 3 to 6 years, unanimously affirmed.

It is established that the nature and extent of cross-examination is within the sound discretion of the Trial Judge, who may "make an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant's credibility" *(People v Sandoval,* 34 NY2d 371, 374). The court, by permitting the prosecution to ask defendant if he had been convicted of three misdemeanors and one felony since 1987, arrived at a compromise which was certainly within its discretion *(see, People v Walker,* 83 NY2d 455, 458-459), particularly since courts have often allowed examination into records that are much more extensive than that of defendant herein *(see, e.g., People v Walker,* 186 AD2d 364, *lv denied* 80 NY2d 1030; *People v Ellis,* 183 AD2d 534, *affd* 81 NY2d 854; *People v Coe,* 165 AD2d 721).

As for the remarks by the Assistant District Attorney that defendant considers objectionable, we note that a prosecutor's reminder to the jury that an asserted defense is not supported by any evidence does not shift the burden of proof *(see, People v Ovalle,* 162 AD2d 156, *lv denied* 76 NY2d 862; *People v Lowe,* 117 AD2d 755, *lv denied* 67 NY2d 946). Concur—Sullivan, J. P., Carro, Kupferman, Nardelli and Tom, JJ.