■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY NESTMAN, Appellant. [633 NYS2d 2] —Judgment, Supreme Court, New York County (Edward Sheridan, J.), rendered March 24, 1993, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

Viewed in a light most favorable to the People, defendant's guilt was proven by legally sufficient evidence. Defendant was crouching on top of an air-conditioner above the doorway of a store with his left leg positioned through a broken window that had activated the alarm system (*see, People v King*, 61 NY2d 550, 555). The issues raised by defendant concerning the

credibility of the police officer who testified that he was able to see defendant's foot inside the window were properly placed before the jury, and we find no reason to disturb its determination. The court's *Sandoval* ruling, which permitted the People to inquire into some of defendant's prior theft-related convictions without eliciting that any involved breaking and entering, gave appropriate weight to the particular relevance of theft-related convictions on the issue of credibility (*People v Lewis*, 196 AD2d 742, *lv denied* 82 NY2d 898), while assuring that defendant would not be convicted because of a propensity to commit burglaries. That defendant may have been the only witness in support of his defense is not dispositive (*supra,* at 742). Defendant's claim that having been deterred from testifying by the court's *Sandoval* ruling, he was denied a fair trial by the prosecutor's summation comments to the effect that the People's proof was "undisputed" and that there was "no evidence" to support defendant's claims is unpreserved for appellate review with respect to the "no evidence" comments, and in any event without merit. The comments were proper responses to defendant's summation hypothesis that he was arrested simply because he happened to be next to a store that appeared to have just been burglarized, and that the police officer did a "little fudging" in testifying that he saw defendant's foot through the window (*see, People v Ovalle*, 162 AD2d 156, *lv denied* 76 NY2d 862; *People v Watson*, 188 AD2d 315, *lv denied* 81 NY2d 849; *People v West*, 160 AD2d 301, 302, *lv denied* 76 NY2d 798). We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.