■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SPRINKLE, Appellant. [634 NYS2d 83] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered October 6, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

The trial court's curative instructions, given at the request of defense counsel, in connection with the prosecutor's inaccurate summary of a portion of the testimony, and regarding a comment that might have been construed as shifting the burden of proof, served to eliminate any prejudice to defendant. It is presumed that the jury understood and followed those instructions (*People v Davis*, 58 NY2d 1102, 1104).

The defense summation urged the jury to accept a version of the events herein that was unsupported by trial evidence. In such circumstances, the prosecutor in summation could properly characterize the argument as absurd (*see, People v Jones*, 162 AD2d 204, *lv denied* 76 NY2d 859). Defendant's claim that certain of the prosecutor's other comments in summation might have suggested an uncharged crime is unpreserved by appropriate and timely objection (CPL 470.05). In any event, the comments were responsive to the defense summation (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912), and the trial court's final instructions prevented any prejudice to defendant. In all other respects, the prosecutor's summation

constituted fair comment on the evidence (*People v Galloway*, 54 NY2d 396). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.