■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAROD BAKER, Appellant. [673 NYS2d 606] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered December 4, 1996, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rivera, J.), of that branch of the defendant's omnibus motion, which was to suppress his post-arrest statements to the police.

Ordered that the judgment is affirmed.

During the return trip to Rikers Island after a lineup, the defendant spontaneously said to the detective who was accompanying him, "Get me out of this mess. I'll take a plea of manslaughter and do four years". Contrary to the defendant's contention, this statement was properly admitted as a declaration by the accused from which, either alone or with other evidence, guilt could be inferred (see, People v Ragin, 224 AD2d 642; Prince, Richardson on Evidence § 8-251 [Farrell 11th ed]). Moreover, the defendant could not have reasonably believed he was conducting a formal plea negotiation with the police detective (cf., United States v Baker, 926 F2d 179, 180).

The defendant's claim of prosecutorial misconduct during the closing argument was not preserved for appellate review (see, CPL 470.05 [2]) and, in any event, is without merit. Here, the bulk of the challenged remarks were in response to the defense summation, which posited the theory of a conspiracy to frame the defendant that was not supported by the trial evidence (see, People v Sprinkle, 221 AD2d 269; People v Gathers, 207 AD2d 751, 752; People v Santana, 173 AD2d 417).

The defendant also failed to preserve for appellate review the claim that his conviction for assault in the first degree should be reduced to assault in the third degree because there was no medical evidence to establish serious physical injury (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. The testimony of the murder victim's brother, who was shot in the leg, was legally sufficient to establish the protracted loss or impairment of the function of his leg (see, People v Moreno, 233 AD2d 531, 532; Penal Law § 120.10 [3]; § 10.00 [10]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Copertino, J. P., Thompson, Sullivan and Friedmann, JJ., concur.