■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN RAMIREZ, Appellant. [687 NYS2d 381] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered January 7, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's request to reopen the suppression hearing when the People failed to deliver, until trial, the second page of the arresting officer's daily activity report, since it did not constitute *Rosario* material. The officer's direct testimony concerned the details of the so-called "buy-and-bust" operation which culminated in the defendant's arrest, and not the information contained in his daily activity

report, which included the time he began his next assignment. Therefore, it did not "merit characterization as *Rosario* material" (*People v Boswell,* 193 AD2d 690; *see also, People v Banch,* 80 NY2d 610; *People v Ranghelle,* 69 NY2d 56; *People v Rosario,* 9 NY2d 286; *People v Barclift,* 228 AD2d 194, 195).

The defendant's contention that certain remarks by the prosecutor during summation constitute reversible error is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Rosario,* 195 AD2d 577). In any event, the comments made by the prosecutor during summation were either fair comment on the evidence, responsive to the defendant's summation (*see, People v Galloway,* 54 NY2d 396; *People v Baker,* 251 AD2d 592; *People v Harris,* 209 AD2d 432; *People v Gibbs,* 166 AD2d 454; *People v Blackman,* 88 AD2d 620), or not so prejudicial as to constitute reversible error in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.