■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME SMITH, Appellant. [733 NYS2d 862] —Judgment, Supreme Court, New York County (Brenda Soloff, J., on summary denial of *Dunaway* motion; William Leibovitz, J., at jury trial and sentence), rendered April 5, 2000, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Viewed in context, the prosecutor's summation comment to the effect that the defense had not provided any motive for the undercover officer to falsely incriminate defendant was proper. Defendant's summation included, *inter alia*, attacks on the officer's credibility, and the prosecutor was entitled to comment on the lack of evidence supporting defendant's arguments (*see, People v Gathers*, 207 AD2d 751, *lv denied* 84 NY2d 1031). We find that there was no attempt by the prosecutor to shift the burden of proof. By failing to object or by making generalized objections, defendant failed to preserve his remaining challenges to the prosecutor's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks were fair comment on the evidence in response to defendant's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

The court's summary denial of defendant's *Dunaway* motion was proper. Defendant's factual allegations, which did not address the People's claim that defendant had sold drugs to an undercover officer or offer any other basis for suppression, were insufficient to warrant a hearing (*see, People v Jones*, 95 NY2d 721; *People v Mendoza*, 82 NY2d 415). The record clearly establishes that the People opposed defendant's motion on this basis.

We perceive no basis for reduction of sentence. Concur— Tom, J. P., Andrias, Rubin, Buckley and Friedman, JJ.