■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON SANCHEZ, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County (Ingrassia, J.), rendered May 6, 1980, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Isseks, J.), after a hearing, of defendant's motion to suppress statements.

Judgment affirmed.

The record contains ample support for the finding by the hearing court that defendant's admissions were voluntarily made *(see, People v Oates,* 104 AD2d 907, 910).

Defendant contends that his admissions should have been suppressed due to denial of his right to counsel which attached when he requested counsel during custodial interrogation. However, the testimony of Investigator Purcell, which the hearing court found credible, indicates that although at one point during the interrogation defendant noted that he "had best" get an attorney, he stated immediately thereafter that he did not want an attorney and initialed a written statement to that effect before the interrogation continued. At most, defendant's reference to an attorney was an indication that he thought it might be advisable to consult an attorney and was not an unequivocal invocation of his right to counsel *(see, People v Cunningham,* 49 NY2d 203). Absent an unequivocal assertion of his right to counsel by defendant, the admissions are admissible *(see, People v Johnson,* 55 NY2d 931, *revg* 79 AD2d 201 *on dissenting opn at App Div,* at pp 203-204; *People v Pelkey,* 100 AD2d 663). Additionally, defendant's contention that admissions made by him were induced by misrepresentation is unsupported by the record.

We agree with the hearing court that the police had probable cause to arrest defendant. The complainant gave the arresting officers a detailed description of the robber, and of the car used in the robbery—including its license plate number. Shortly after the robbery, the police were able to locate the car through its license plate number at the registered owner's residence. The owner of the car was able to establish that he had loaned the car to defendant and that he was elsewhere at the time of the robbery. He gave the officers permission to search his apartment, and defendant, who partially matched the description given by complainant, was found hiding in a closet. In light of these factors, the officers had reasonable cause to believe that defendant had in fact committed the crime *(see, People v Brnja,* 50 NY2d 366; *People v Davidson,* 110 AD2d 776). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.