■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LINDSAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Leggett, J.), rendered August 10, 1981, convicting him of rape in the first degree (three counts), sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), criminal possession of weapon in the fourth degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Justice Niehoff has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

The defendant was accused of holding the complainant in

his apartment against her will and raping and sodomizing her over a three-day period. The defendant claims that the prosecutor's summation deprived him of a fair trial. Although the prosecutor did at times make comments which could be interpreted as vouching for the credibility of the complainant, the comments were in response to the defense counsel's reference to the complainant as a liar. Taking the summation in this context, there was no prejudice (see, People v Gilmore, 106 AD2d 399).

The defendant contends that the evidence seized pursuant to a search warrant should have been suppressed because the warrant was based in part on the unsworn statement of the complainant. However, a magistrate issuing a search warrant may reasonably rely on hearsay information supplied by an identified citizen, particularly here where the information is based on the firsthand knowledge of the victim (see, People v Cantre, 95 AD2d 522, affd 65 NY2d 790).

We have examined the defendant's other contentions and find them to be without merit. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.