■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN ESTES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered November 27, 1985, convicting her of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

The complaining witness testified that the defendant bit him on the hand during the course of a robbery. He went to a hospital where superficial lesions on his hand were cleaned and a tetanus shot administered. The complainant received no subsequent medical attention. The complainant also testified that he had pain and a scar from the bite, but the People failed to elicit proof concerning the duration or degree of the pain or any proof of impairment of a physical function.

The evidence in this case did not indicate any physical impairment or the duration and degree of pain suffered by the complainant. Therefore, the evidence was legally insufficient to establish the defendant's guilt of the crime of assault in the third degree (see, Penal Law § 10.00 [9]; § 120.00 [1]; *People v McDowell*, 28 NY2d 373; *People v Williams*, 101 AD2d 870).

The court's *Sandoval* ruling was not an abuse of discretion in that the prior convictions involved acts of individual dishonesty or untrustworthiness (see, *People v Sandoval*, 34 NY2d 371). Thus, there was no error in allowing the prosecutor to cross-examine the defendant about her prior convictions of attempted petit larceny and criminal possession of stolen property (see, *People v Williams*, 56 NY2d 236; *People v Torres*, 110 AD2d 794).

Finally, the defendant's claim that the prosecutor's summation comments constituted reversible error was not preserved for appellate review (see, CPL 470.05 [2]). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.