■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDER WARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered December 10, 1985, convicting him of manslaughter in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a videotaped statement.

Ordered that the judgment is affirmed.

The defendant contends what his videotaped confession was erroneously admitted at trial since it had been obtained in violation of his right to counsel. We disagree.

The record indicates that defendant was given *Miranda* warnings by an Assistant District Attorney. During the course thereof the following exchange took place:

"Q If you wish to speak to a lawyer or have one present and you can't afford a lawyer, one will be supplied to you free of cost. Do you understand that?

"Q Would you like for me to repeat it.

"Q If you wish to speak to a lawyer or have one present and you cannot afford a lawyer, one will be supplied to you free of cost.

"A Can I say something?

"Q Sure. Go Ahead.

"A I mean, shouldn't I have a lawyer? I don't know?

"Q Well, that's not something I'm here to answer. I'm telling you what [your] rights are now. If you want to have a lawyer, you can have one.

"A (Inaudible).

"Q I mean, if you have a lawyer, I won't talk to you. It's up to you.

"A I don't have a lawyer I'll answer—whatever it is.

"Q I'm sorry.

"A Whatever it is, I'll answer them.

"Q Well, the question is, do you understand that you have the right to have a lawyer here.

"A Yes.

"Q And you understand that if you can't afford one, one will be supplied to you free.

"A Yes.

"Q Okay. If you wish to speak to a lawyer or to have one present, I won't question you. Do you understand that?

"A Yes".

Clearly, the defendant's second, and tentative response in this exchange, to wit, "I mean, shouldn't I have a lawyer? I don't know?", did not, by itself, constitute the kind of unequivocal invocation of the right to counsel which would prevent further police interrogation (see, People v Cunningham, 49 NY2d 203; People v Sanchez, 117 AD2d 685, lv denied 67 NY2d 950; People v Santiago, 133 AD2d 429; cf., People v Esposito, 68 NY2d 961). Nor was the defendant's subsequent express waiver of his right to counsel, set forth in the aforenoted exchange, the result of any misleading or overbearing conduct by law enforcement personnel. Accordingly, Criminal Term properly denied that branch of the defendant's omnibus motion which was to suppress his videotaped confession.

Finally, we find that the sentence imposed was not unduly harsh (see, People v Suitte, 90 AD2d 80, 86). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.