■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN BANKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered December 14, 1983, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

that branch of the defendant's omnibus motion which was to suppress certain statements made by him.

Ordered that the judgment is affirmed.

The defendant was charged with the murder and attempted rape and subsequent murder of his 10 year-old second cousin. The police came upon the defendant, a suspect in the killing, as he was being assaulted by a number of enraged relatives. The officers quickly extricated the defendant from the crowd and ran with him towards their unmarked car. As the defendant was being led to safety, but before he entered the unmarked car, he stated several times: "I didn't mean to kill her, I didn't mean it".

Upon his arrival at the police station the defendant was placed in a room for the purpose of interrogation and administered his *Miranda* warnings. The defendant explained that family members had attacked him when he attempted to apologize for killing his second cousin but indicated that he was able to speak with the officer despite his injuries. Thereafter, the defendant confessed to having killed his second cousin while he was "high" on various drugs by strangling her and then cutting her neck with a piece of glass. He further explained that she had made him angry by repeatedly asking him for money to play pinball machines and by crying when he failed to take her back home. He also confessed to having sexually abused her, but denied having engaged in sexual intercourse with her. Although the defendant did not complain of his injuries, the interrogating officer suggested that the defendant get medical attention for his bruises and a cut on his back which was bleeding. The defendant was taken to a hospital where he received a few stitches for a knife wound to the back before being released.

Shortly after his return to the police station, the defendant agreed to speak to an Assistant District Attorney on videotape concerning the murder, after having his *Miranda* warnings readministered. However, before agreeing to speak with the Assistant District Attorney the defendant asked: "[i]s it better for me to speak to my lawyer before I speak to you or speak to him and you together or whatever?" Without providing the Assistant District Attorney with an opportunity to respond, the defendant further stated: "[B]ut I mean its not going to do me no good is it * * * [W]hat good is it?" The Assistant District Attorney advised the defendant that he would have to make his own decision but that he would reread any rights which the defendant did not understand. The defendant stated

that he understood everything the Assistant District Attorney had told him and saw no reason why he should not talk to him. The defendant then proceeded to repeat the confession previously made to the police officer.

The defendant's subsequent motion to suppress those statements was denied, and he pleaded guilty to murder in the second degree in full satisfaction of the indictment.

By not moving in the court of first instance to withdraw the plea or to vacate the conviction, the defendant has failed to preserve for appellate review his claim that his plea allocution was insufficient (see, People v Claudio, 64 NY2d 858, 859; People v Panico, 130 AD2d 777; see also, CPL 470.05 [2]).

Moreover, reversal is not warranted in the interests of justice. The record establishes that the defendant was adequately apprised of his constitutional rights and that his plea was knowingly, voluntarily, and intelligently entered into upon the adequate advice of counsel (see, People v Harris, 61 NY2d 9). That the defendant acted with the required culpable mental state for a conviction for murder in the second degree can be readily inferred from his testimony at the plea allocution to the effect that when he realized he had strangled the victim and that she was suffering from pain, he cut her neck with the piece of glass knowing that she would not revive (see, People v Santana, 110 AD2d 789, lv dismissed 67 NY2d 656).

In addition, the plea was not rendered involuntary because of any inadequacy on the part of counsel. As a retrospective contention, a claim of ineffective assistance of counsel requires proof of true ineffectiveness rather than dissatisfaction with unsuccessful defense strategies (People v Miekeljohn, 131 AD2d 512). A review of the totality of the evidence, the law, and the circumstances of this case as of the time of the representation reveals that the defendant was provided with meaningful representation (see, People v Baldi, 54 NY2d 137; People v Stigger, 130 AD2d 603).

In addition, we perceive no basis for disturbing the findings of the suppression court, which are supported by the weight of the evidence (see, People v Prochilo, 41 NY2d 759, 761; People v Armstead, 98 AD2d 726). The People have sustained their burden of proving beyond a reasonable doubt that the admissions and confessions made by the defendant subsequent to his having been taken into police custody were voluntarily made (People v Huntley, 15 NY2d 72, 78).

The fact that the defendant asked the Assistant District Attorney whether or not he should speak to an attorney did

not serve to invoke his right to counsel *(see, e.g., People v Hicks,* 69 NY2d 969).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.