■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO VARGAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 10, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. However, as conceded by the People, the latter crime is a lesser included offense of the former, which, under the circumstances of this case, should have been dismissed pursuant to CPL 300.40 (3) (b) *(see, People v Rodriguez,* 126 AD2d 681; *People v Holman,* 117 AD2d 534).

The defendant also contends that the court committed reversible error in failing to allow into evidence the arresting officer's police report. He notes that while the police officer checked off a box on the report indicating that the defendant was a black Hispanic, the officer acknowledged at trial that he was, in fact, a white Hispanic. The defendant contends that where his main defense was that of mistaken identification, the arresting officer's description of the perpetrator's race was critical and, therefore, failure to admit the arrest report, which was inconsistent with the officer's trial testimony, denied him a fair trial. We disagree.

Any error resulting from such denial of defense counsel's application to admit the report in evidence must be deemed harmless under the circumstances of this case. Defense counsel elicited testimony from the arresting officer in which the latter acknowledged that the defendant was a white Hispanic, and that he had checked off a box in the arrest report indicating that the perpetrator was a black Hispanic. Thus, the alleged inconsistency was before the jury. Officer Cifuni who, along with the arresting officer, observed the defendant through a pair of binoculars, also testified to his identity. The error, if any, was therefore harmless (see, People v Crimmins, 36 NY2d 230).

The defendant's next contention is that a member of the police backup team was permitted, over defense counsel's objection, to give identification testimony in violation of the rule in People v Trowbridge (305 NY 471). The record shows that defense counsel's objection was on the ground that the testimony was hearsay. That objection, therefore, does not preserve the issue for appellate review on the ground that the testimony constituted bolstering (see, People v Liccione, 50 NY2d 850), and we decline to review it in the exercise of our interest of justice jurisdiction in view of the overwhelming evidence of the defendant's guilt.

We also find that the defendant's sentence, imposed upon his conviction of criminal possession of a controlled substance in the third degree, was not unduly harsh or excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's other contentions, including those contained in his supplemental pro se brief, and find them to be unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.