■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED MARCHUK, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (DeLury, J.), rendered August 29, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree under Indictment No. 8766/88, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered August 29, 1989, revoking a sentence of probation previously imposed by the same court (Rienzi, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a controlled substance in the fourth degree under Indictment No. 7224/87.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal possession of a controlled substance in the seventh degree as charged in the third count of the Indictment No. 8766/88, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed; and it is further,

Ordered that the amended judgment is affirmed.

The defendant was convicted of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree based on one sale of cocaine to an undercover police officer. As the People concede, his conviction of criminal possession of a controlled substance in the seventh degree is a lesser-included offense of criminal possession of a controlled substance in the third degree and, under the circumstances of this case, should have been dismissed as an inclusory concurrent count pursuant to CPL 300.40 (3) (b) (see, People v Grier, 37 NY2d 847; People v Vargas, 155 AD2d 565; People v Velez, 150 AD2d 514; People v Policano, 139 AD2d 773).

We find that the sentences imposed are not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, is without merit. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.