■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WIRTS, Appellant.—Judgment, Supreme Court, Bronx County (Sullivan, J.), rendered October 19, 1989, convicting defendant, after a jury trial of robbery in the third degree and sentencing him to an indeterminate prison term of from 1-⅓ to 4 years, unanimously affirmed.

Defendant and an unapprehended female accomplice physically beat and cut the complainant with a broken bottle, while robbing him of his two gold necklaces, a newly purchased pair of shoes, a subway token and money, including a dollar bill and a Canadian quarter. Complainant immediately telephoned the police after the incident. Plainclothes police, who arrived on the scene within moments, spoke with the token booth clerk and the complainant before arresting the defendant one block away from the scene of the incident. As defendant was handcuffed, he dropped, *inter alia,* a subway token and a Canadian quarter from his hand. A dollar bill was also recovered from defendant's clasped hand.

Defendant contends that he was deprived of a fair trial by the prosecutor's improper remark on summation that defendant had crafted his story on the stand after hearing the People's witnesses. This claim is unpreserved as defendant, at trial, objected only to the prosecutor's "characterization" of

the defense argument on summation. *(See,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641.) Were we to reach the issue, we would find the prosecutor's comments to be directly responsive to defense counsel's argument on summation that defendant, after hearing complainant testify, was in a position to "tailor[ ]" his testimony, but did not do so. *(See, People v Rivera,* 171 AD2d 583, *lv denied* 78 NY2d 973.)

We note defendant's testimony tracked the testimony of the People's witnesses, but where necessary exonerating circumstances were inserted by the defendant. In addition, the credibility of the complainant was challenged by the defense in its summation. We do not find the prosecutor's challenged remarks to be of such a character as would naturally and reasonably be interpreted by the jury as penalizing the defendant for exercising his right to testify, or to confront the People's witnesses, as he so argues. *(See generally, People v Burke,* 72 NY2d 833.) Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Asch, JJ.