■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. HAYES, Appellant. [595 NYS2d 239] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered July 23, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made to law enforcement officials and to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that certain statements given by him to the police should have been suppressed because they were the product of an illegal arrest. However, the defendant

was arrested after the complainant identified him in a photographic array as one of the robbers. Thus, the police had probable cause to arrest the defendant (see, People v Gonzalez, 138 AD2d 622; People v Anderson, 146 AD2d 638). Unlike a paid or anonymous informant, an eyewitness-victim of a crime can provide probable cause for the arrest of his or her assailant even though his reliability has not been established previously or his information corroborated (see, People v Gonzalez, supra).

The hearing court also properly refused to suppress the identification testimony of the complainant, who testified at the trial. The defendant failed to meet his burden of establishing that the pretrial photographic array shown to the victim was unduly suggestive. Therefore, it was not necessary for the People to show that an independent source existed for the complainant's in-court identification (see, People v Johnson, 170 AD2d 535; People v Jackson, 108 AD2d 757).

Finally, the defendant was not deprived of a fair trial by the prosecutor's summation (see, People v Galloway, 54 NY2d 396; People v Ashwal, 39 NY2d 105). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.