■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK HYNES, Appellant. [598 NYS2d 182] —Judgment, Supreme Court, Bronx County (Joseph A. Mazur, J.), rendered April 18, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years on each count, unanimously affirmed.

Defendant's objection to the testimony of the arresting officer on hearsay grounds was insufficient to preserve his claim on appeal of prejudicial bolstering *(People v Qualls,* 55 NY2d 733), and defendant cannot rely on objections to the undercover officer's testimony made by counsel for the codefendant to preserve the issue for appellate review as a matter of law *(People v Buckley,* 75 NY2d 843, 846). In any event, the testimony of the undercover officer, together with the testimony of the arresting officer, regarding the descriptions of the drug sellers radioed and received was properly admitted to provide a necessary explanation of the events which precipitated defendant's arrest *(People v Sarmiento,* 168 AD2d 328, 329, *affd* 77 NY2d 976).

As defendant failed to take exception to the verdict at the trial level, he has failed to preserve any claim of error for appellate review as a matter of law *(People v Alfaro,* 66 NY2d 985, 987). In any event, the thrust of the trial court's charge indicated clearly that the sale count referred only to the two vials of crack cocaine sold to the undercover officer, and that

the possession count referred only to the 10 additional vials of crack cocaine in the clear plastic bag found at defendant's feet. Additionally, the verdict sheet given to the jury indicated that the two counts were to be considered by the jury separately, and not in the alternative, and the jury's verdict indicates its understanding that the counts were to be considered separately. Thus, despite the trial court's inadvertent instruction regarding alternative consideration, the charge as a whole conveyed, and the jury understood, the appropriate legal standard (see, People v Coleman, 70 NY2d 817).

We have considered defendant's additional claims of error and find them to be meritless. Concur—Rosenberger, J. P., Kupferman, Asch and Rubin, JJ.