■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME CRUMWELL, Appellant. [605 NYS2d 321] —Appeal by the

defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered April 25, 1991, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by the defendant to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

This case arises from the attempted robbery and burglary at a home in Nassau County that resulted in the shooting death of the owner. The defendant was convicted as an accomplice.

Contrary to the defendant's assertions on appeal, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt as an accomplice beyond a reasonable doubt *(see, People v Kaplan,* 76 NY2d 140; *People v Whatley,* 69 NY2d 784; *People v White,* 162 AD2d 646; Penal Law § 20.00). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the hearing court correctly determined that the statements made by the defendant while in custody that were offered against him at trial were neither taken in violation of his rights under *Miranda v Arizona* (384 US 436; *see, People v Banks,* 135 AD2d 643; *People v Gomez,* 127 AD2d 606), nor involuntary *(see, People v Anderson,* 42 NY2d 35; *People v McAvoy,* 142 AD2d 605; *People v Leonard,* 59 AD2d 1). The hearing court also correctly found that the defendant's arrest was supported by probable cause *(see, People v Bigelow,* 66 NY2d 417; *People v Javier,* 175 AD2d 182; *People v Lewis,* 172 AD2d 775; *People v Mitchell,* 170 AD2d 542; *People v Nelson,* 79 AD2d 171, *cert denied* 454 US 869) and that there was no need to call the actual identifying witness concerning the alleged suggestivity of a pretrial identification from a photographic array *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.