■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COBO, Appellant. [666 NYS2d 123] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 23, 1995, convicting defendant, after a jury trial, of seven counts of murder in the second degree, and eight counts of robbery in the first degree, and sentencing him to four consecutive terms of 25 years to life, to run concurrently with three concurrent terms of 25 years to life and eight concurrent terms of 12½ to 25 years, unanimously affirmed.

Defendant's severance motion was properly denied. The charges were properly joinable under CPL 200.20 (2) (c) on the ground that the crimes charged, although based on separate criminal transactions, are defined by the same or similar statutory provisions, as well as under CPL 200.20 (2) (b), which

mandates the joint trial of separate crimes where, as herein, proof of one crime would be material and admissible as evidence in chief upon a trial of the other crime.

Under the totality of the circumstances, defendant was properly impeached by means of statements he made to psychologists. We do not read CPL 60.55 (2) as precluding any use of such statements in the absence of an insanity defense pursuant to Penal Law § 40.15. Here, defendant instituted the procedures for a proposed psychiatric defense under CPL 250.10 and, in his opening statement and his testimony, raised a defense involving a claim of battered spouse or domestic partner syndrome falling within the scope of a "mental disease or defect" defense contemplated by CPL 250.10 (*People v Herrera*, 219 AD2d 511, 512, *lv denied* 87 NY2d 847; *see also, People v Cruickshank*, 105 AD2d 325, *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625; *People v Al-Kanani*, 33 NY2d 260, *cert denied* 417 US 916).

The trial court appropriately exercised its discretion in modifying its *Sandoval* ruling to permit limited inquiry into the underlying facts of a prior robbery conviction since defendant's contradictory testimony regarding the nature of those underlying facts affected essential credibility issues (*People v Fardan*, 82 NY2d 638, 646; *People v Santiago*, 169 AD2d 557, *lv denied* 77 NY2d 1000).

Defendant did not preserve his current claims of error regarding questions posed to him by the prosecutor on cross-examination that allegedly suggested tailored testimony (CPL 470.05 [2]; *People v Sims*, 232 AD2d 237, *lv denied* 89 NY2d 929). In any event, the questioning was proper to show that inconsistencies between defendant's prior statements and his trial testimony were not, as defendant testified, attributable to mistakes or omissions in the recording of his prior statements, but rather were the result of an effort by defendant to harmonize his trial testimony with forensic evidence presented by the People. In the particular circumstances presented, the challenged questioning was not " 'of such a character as would naturally and reasonably be interpreted by the jury as penalizing the defendant for exercising his right to testify, or to confront the People's witnesses' " (*People v Sims, supra*, at 238, quoting *People v Wirts*, 178 AD2d 165, 166, *lv denied* 79 NY2d 924).

In light of the overwhelming evidence against defendant, the prosecutor's summation comments complained of by defendant did not deprive defendant of a fair trial, particularly in light of the court's instructions to the jurors that sympathy or preju-

dice had no place in their deliberations (*see, People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884). Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Andrias, JJ.