■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON FRANCE, Appellant. [697 NYS2d 628] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered January 13, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly discharged a sworn juror in the midst of jury selection is unpreserved for appellate review. In any event, the court's discharge of the juror on the ground that she was unavailable due to her school obligations was not an improvident exercise of discretion (see, CPL 270.35; see generally, People v Page, 72 NY2d 69). The juror failed to follow the court's directive to appear promptly for the proceedings, and later informed the court that she had classes scheduled throughout the day and at night which were expected to continue for the following three weeks until her final exams. Under these circumstances, the court properly determined that the juror was unavailable for continued jury service (see, CPL 270.35; People v Oyewole, 220 AD2d 624).

The defendant's further claim that the court erred in failing to give a missing witness charge is without merit. The party seeking the charge has the burden to promptly notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case (see, People v Gonzalez, 68 NY2d 424). Here, the defendant's request for the charge, made after both sides had rested, was untimely (see, People v Waldron, 154 AD2d 635), and, in any event, as the witness was not in a position to have knowledge about the crime or to have observed the shooting of the victim, her testimony was not material to any issue in the case.

Finally, the defendant's contention that the prosecutor's summation improperly usurped the court's function by instructing the jury on the law is unpreserved for appellate review (see, CPL 470.05), and, in any event, without merit (see, People v Rosario, 195 AD2d 577). Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.