■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIS GALLOZA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD EWAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUARO MARTINEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PEREZ, Appellant. [705 NYS2d 35] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered May 15, 1995, convicting defendant Galloza, after a jury trial, of burglary in the first degree, attempted robbery in the first degree, robbery in the second degree (5 counts), and criminal impersonation in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 14 to 28 years; judgment, same court and Justice, rendered May 16, 1995, convicting defendant Ewan, after a jury trial, of the same crimes, and sentencing him to an aggregate term of 12 to 36

years, and judgment, same court and Justice, rendered May 12, 1995, convicting defendants Perez and Martinez, after a jury trial, of the same crimes and sentencing each of them to an aggregate term of 14 to 42 years, unanimously affirmed.

By failing to object to the court's conduct as a whole or seek any remedy, defendants' contention that the trial court was biased and excessively interfered in the proceedings is not preserved (*People v Charleston*, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to review this claim, we would find from our review of the entire record, that the court's interjections did not usurp the role of the attorneys, that the court's overall conduct did not convey to the jury any personal opinion regarding the evidence, and that none of the defendants were deprived of a fair trial (*see, People v Moulton*, 43 NY2d 944; *People v Gonzalez*, 228 AD2d 340, *lv denied* 88 NY2d 1021).

The court properly exercised its discretion in denying defendant Martinez's request for a sanction against the People for the inadvertent loss of the memo book of a police witness called in rebuttal. The memo book was established to contain nothing more than the officer's times of arrival and departure, and there was no showing of prejudice to warrant a sanction (*see, People v Martinez*, 71 NY2d 937, 940).

Defendant Martinez's general objections failed to preserve his present challenge to the People's cross-examination of him, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the People were entitled to establish the extent to which defendants conferred with each other about their testimony, and that the challenged questions did not impinge upon Martinez's rights to testify and to be present during other testimony (*see, People v Wirts*, 178 AD2d 165, 166, *lv denied* 79 NY2d 924).

We find that the sentences were not excessive. Concur—Williams, J. P., Tom, Rubin and Andrias, JJ. [As amended by unpublished order entered May 11, 2000.]