■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS BLACKSHEAR, JR., Appellant. [715 NYS2d 189] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a bench trial of five counts each of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (Penal Law § 155.25). Supreme Court properly rejected defendant's contention that the court's decision in a prior *Huntley* hearing suppressing defendant's written statement had collateral estoppel effect on the issues raised in a subsequent *Huntley* hearing with respect to defendant's oral statements to a detective from a different law enforcement agency. In order for the doctrine of collateral estoppel to apply in a criminal case, there must be "identity of parties; identity of issues; a final and valid prior judgment; and a full and fair opportunity to litigate the prior determination" (*People v Aguilera*, 82 NY2d 23, 29-30). Here, the issues raised at the second *Huntley* hearing were not identical to those raised at the initial *Huntley* hearing, nor were they litigated at the initial hearing.

Defendant has failed to preserve for our review his contentions that he was denied a fair trial because the court was biased and assumed the role of prosecutor (*see, People v Galloza*, 270 AD2d 69) and that he was denied his constitutional right to a speedy trial (*see, People v Weeks*, 272 AD2d 983; *People v Davis*, 263 AD2d 963, *lv denied* 93 NY2d 1017), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.