■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH COTTON, Appellant. [715 NYS2d 763] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Buchter, J.), rendered June 19, 1996, convicting him of bribe receiving in the third degree, falsifying business records in the first degree, and official misconduct, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that he invoked the right to counsel during questioning by an investigator at the time of his arrest, and that his statements made thereafter without counsel present should have been suppressed. The Supreme Court properly found that the defendant did not invoke his right to counsel. During the investigator's recitation of the *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436), and immediately after he read to the defendant that portion which provides, "If you cannot afford an attorney one will be provided for you without cost. Do you understand?," the defendant interjected, "I have counsel." The investigator then reread that *Miranda* warning to the defendant, and the defendant replied that he understood. After the defendant was apprised of his rights, he stated that he was willing to answer questions. The defendant's statement did not constitute an unequivocal invocation of his right to counsel (*see, People v Glover,* 87 NY2d 838; *People v Hicks,* 69 NY2d 969; *People v Rowell,* 59 NY2d 727; *People v Diaz,* 161 AD2d 789). Taken in context, the defendant was not requesting counsel to be present and, accordingly, the presence of counsel was not necessary to effectuate a valid waiver.

The defendant's remaining contention regarding a June 20, 1995, tape recording is unpreserved for appellate review (*see, People v Gray,* 86 NY2d 10, 20; *People v Cardona,* 136 AD2d 556). In any event, the tape was properly admitted into evidence (*see, People v Ely,* 68 NY2d 520; *People v McGee,* 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Eddins,* 247 AD2d 548). Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.