■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST SOBERANIS, Appellant. [734 NYS2d 70] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered May 16, 1994, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, and grand larceny in the fourth degree (two counts), upon separate jury verdicts, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Under Kings County Indictment No. 3098/93, the defendant was charged with multiple crimes arising out of two separate incidents in which he allegedly robbed two different victims on different dates. On March 6, 1993, the defendant allegedly robbed the complainant at knifepoint (hereinafter the first incident), and on March 10, 1993, he allegedly robbed another complainant (hereinafter the second incident). With respect to the first incident, the defendant was charged with two counts of robbery in the first degree, and one count each of grand larceny in the fourth degree and criminal possession of a weapon in the third degree. With respect to the second incident, he was charged with robbery in the first degree and grand larceny in the fourth degree. The court severed the counts relating to the first incident from the counts related to the second incident, and separate trials were held before different juries. After trial on the first incident, a jury found the defendant

guilty of criminal possession of a weapon in the third degree and grand larceny in the fourth degree. After trial on the second incident, a jury found the defendant guilty of robbery in the first degree and grand larceny in the fourth degree. On May 16, 1994, the court sentenced the defendant on all of the convictions arising out of both incidents. We affirm.

With respect to the defendant's convictions arising out of the first incident, the Supreme Court providently exercised its discretion in denying the defendant's request, made after jury deliberations had commenced, to redact information from an exhibit introduced into evidence by the defense counsel and shown to the jury by him during cross-examination of one of the People's witnesses (*cf., Feldsberg v Nitschke,* 49 NY2d 636, 643). The defendant's remaining contention with respect to the first incident is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245).

With respect to the second incident, the defendant's contention that the police lacked probable cause to arrest him is without merit. The complainant's identification of him in a photographic array provided probable cause for his arrest (*see, People v Nixon,* 240 AD2d 764; *People v Hayes,* 191 AD2d 644). We also reject the defendant's contention that the lineup from which the complainant identified him was unduly suggestive (*see, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833).

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, Florio and Cozier, JJ., concur.