■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ANDREWS, Appellant. [738 NYS2d 852] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered January 27, 1998, convicting defendant, after a jury trial, of auto stripping in the second degree, criminal possession of stolen property in the fifth degree and possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The record supports the court's finding that the People's challenge to a prospective juror who revealed, during voir dire by defendant, that she had previously been excused from a criminal jury for mysterious "personal reasons," possibly impacting upon her ability to serve, was race-neutral and nonpretextual. Defendant's argument concerning a second juror is similar to an argument rejected by this Court on the codefendant's appeal (*People v Barnes*, 261 AD2d 281, *lv denied* 93 NY2d 1014), and there is no basis upon which to reach a different result herein.

The court properly declined to deliver an adverse inference instruction concerning the inadvertent loss of the arresting officer's memo book. There was no possibility of prejudice to defendant since the record establishes that the memo book entry concerning defendant's arrest was limited to pedigree information having no bearing on the case (*see, People v Galloza*, 270 AD2d 69, *lv denied* 95 NY2d 852; *see also*, CPL 240.75). Concur—Andrias, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.