■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR O. WALTON, Appellant. [766 NYS2d 93] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered July 26, 2001, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the photo array that was shown to the complainant was not unduly suggestive. Accordingly, the hearing court properly declined to suppress the identification testimony of the complainant, who had identified the defendant from the photo array (*see People v Wright,* 297 AD2d 391 [2002]; *People v Keller,* 242 AD2d 735 [1997]). Furthermore, the hearing court properly declined to suppress the defendant's postarrest statements to the police, since the

complainant's identification of the defendant from the photo array provided probable cause for the defendant's arrest (*see People v Soberanis,* 289 AD2d 343 [2001]; *People v Nixon,* 240 AD2d 764 [1997]; *People v Hayes,* 191 AD2d 644 [1993]).

The trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) was a provident exercise of discretion (*see People v Walker,* 83 NY2d 455 [1994]; *People v Richards,* 220 AD2d 268 [1995]).

During the trial, the court, after being advised of certain alleged *Rosario* violations (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) properly denied the defendant's application, in effect, for a mistrial, and to reopen the suppression hearing (*see* CPL 240.75; *People v Guerrier,* 291 AD2d 506 [2002]; *People v Ramirez,* 259 AD2d 567 [1999]).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant contends that a particular supplemental jury charge, which the court gave after the prosecutor asked it to clarify a prior supplemental jury charge, confused the jury. However, this argument is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gonzales,* 244 AD2d 570 [1997]). In any event, under the circumstances, where there was overwhelming evidence of the defendant's guilt, any error was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant's contention that the sentencing court improperly adjudicated him a second violent felony offender is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Benton,* 196 AD2d 755 [1993]), and, in any event, is without merit (*see* CPL 400.15 [3]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]). Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.