THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN JACKSON, Also Known as JONATHAN JOHNSON, Appellant. [842 NYS2d 97]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 18, 2005, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sullivan, J.), of that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's questions to the Assistant District Attorney concerning the time a lawyer would arrive, and whether a statement provided to law enforcement officials with the assistance

of counsel would be given in the same location as a statement made without counsel, did not constitute an unequivocal invocation of the right to counsel which would prevent further interrogation by law enforcement officials (*see People v Cunningham*, 49 NY2d 203, 207-209 [1980]; *People v Thompson*, 271 AD2d 555 [2000]; *People v Sanchez*, 117 AD2d 685, 686 [1986]; *People v Diaz*, 161 AD2d 789, 789-790 [1990]; *People v Ward*, 134 AD2d 544, 544-545 [1987]). The record supports the Supreme Court's finding that the defendant's waiver of counsel was knowingly, voluntarily, and intelligently made. Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his videotaped statement to law enforcement officials.

The defendant's claim that he was deprived of the effective assistance of counsel is without merit (*see People v Baldi*, 54 NY2d 137 [1981]). The record does not support the defendant's contention that the defense counsel was ineffective for not adequately challenging the admissibility of a statement that the defendant made to a detective, as the statement was clearly spontaneous in nature and thus was admissible in the absence of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Johnson*, 240 AD2d 432 [1997]; *People v Davis*, 32 AD3d 445 [2006]; *People v Morgan*, 226 AD2d 398, 399, 401 [1996]; *People v Alexander*, 164 AD2d 892 [1990]; *People v Brown*, 161 AD2d 778 [1990]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.