The defendant's contention that he was deprived of his right to a fair trial by virtue of certain comments and questioning by the trial court is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit (*see People v Moulton*, 43 NY2d 944, 945 [1978]). Santucci, J.P., Lifson, Covello and Angiolillo, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HERNDON, Appellant. [849 NYS2d 634]—

Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 3, 2004, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court dated May 11, 2004. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the resentence are affirmed.

Contrary to the defendant's contention, the record supports the hearing court's conclusion that the pretrial lineup was not unduly suggestive. "There is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance" (*People v Nieves*, 183 AD2d 854, 856 [1992]; *see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The participants in the lineup were similar to the defendant in appearance, and any minor differences between

them were insufficient to create a substantial likelihood of misidentification (*see People v Cheung*, 255 AD2d 102 [1998]; *People v Pinckney*, 220 AD2d 539 [1995]; *People v Nieves*, 183 AD2d 854 [1992]).

The defendant's contention that the court committed reversible error when it allowed a detective witness to bolster the testimony of the victim by testifying that he arrested the defendant immediately after the defendant was identified in a lineup more than two years after the robbery is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any error in admitting the detective's testimony was harmless. The record demonstrates that the defendant's identity was ascertained by the police shortly after the robbery, culminating in the production of a photo of the defendant selected by the victim from a photo array. Moreover, the victim's identification testimony was "unusually" creditable (*People v Johnson*, 57 NY2d 969, 970 [1982]). Thus, on this record, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that the jury would have acquitted the defendant had the testimony at issue been excluded (*see People v Johnson*, 57 NY2d at 971). Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.