THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PINKNEY, Appellant. [852 NYS2d 306]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered May 12, 2004, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of his omnibus motion which was to suppress oral and written statements made to the police.

Ordered that the judgment is affirmed.

Contrary to the contention raised by the defendant in point III of his supplemental pro se brief, the hearing court did not err in denying that branch of his omnibus motion which was to

suppress his oral and written statements to the police, since the credible evidence established that the defendant merely inquired as to whether he should retain or consult with a lawyer (*see People v Hicks*, 69 NY2d 969, 970 [1987]; *People v Jackson*, 43 AD3d 1181 [2007], *lv denied* 9 NY3d 1006 [2007]; *People v Hurd*, 279 AD2d 892, 893 [2001]; *People v Thompson*, 271 AD2d 555 [2000]; *People v Diaz*, 161 AD2d 789, 789-790 [1990]; *People v Banks*, 135 AD2d 643, 645-646 [1987]; *People v Ward*, 134 AD2d 544, 544-545 [1987]). Even crediting the defendant's statement that he requested a lawyer, the uncontroverted testimony established that the defendant thereafter "clearly and unambiguously negated those very words" (*People v Glover*, 87 NY2d 838, 839 [1995]). As the defendant did not unequivocally inform the police that he wanted the assistance of counsel, his statements were admissible in evidence (*see People v Twillie*, 28 AD3d 1236 [2006]; *People v Powell*, 304 AD2d 410, 411 [2003]; *People v Wade*, 296 AD2d 720 [2002]; *People v Cotton*, 277 AD2d 461, 462 [2000]; *People v Sanchez*, 117 AD2d 685, 686 [1986]).

The police had probable cause to effectuate the defendant's arrest (*see People v Walton*, 309 AD2d 956, 957 [2003]; *People v Soberanis*, 289 AD2d 343, 344 [2001]; *People v Nixon*, 240 AD2d 764 [1997]; *People v Glia*, 226 AD2d 66, 75 [1996]; *People v Billian*, 157 AD2d 841 [1990]). The defendant's contention to the contrary, raised in point II of his supplemental pro se brief, is thus without merit.

The defendant failed to preserve for appellate review his contention, raised both by his appellate counsel and in point I of his supplemental pro se brief, that he was denied a fair trial as a result of prosecutorial misconduct. With the exception of a general objection on cross-examination and one objection during summation, the defendant raised no objection to the prosecutor's challenged comments and failed to move for a mistrial (*see* CPL 470.05 [2]; *People v Williams*, 8 NY3d 854 [2007]). In any event, "the prosecutor's questioning of the defendant on cross-examination and suggestion during summation that he tailored his testimony after hearing the testimony of the prosecution's witnesses was not unduly prejudicial" (*People v Bryant*, 39 AD3d 768, 769 [2007]; *see Portuondo v Agard*, 529 US 61 [2000]; *People v Siriani*, 27 AD3d 670 [2006]; *People v Portalatin*, 18 AD3d 673, 674 [2005]; *People v Allien*, 302 AD2d 468 [2003]; *People v McNill*, 294 AD2d 307, 308 [2002]; *People v King*, 293 AD2d 815, 816-817 [2002]; *People v Lowery*, 281 AD2d 491 [2001]; *People v Cobo*, 245 AD2d 72, 73 [1997]). Also, the prosecutor's comments respecting the proffered defense and the complainant's credibility were fair response to the defense counsel's

argument on summation (*see People v Hughes*, 280 AD2d 694, 696 [2001]; *People v Elliot*, 216 AD2d 576, 577 [1995]; *People v Lindsay*, 123 AD2d 719, 720 [1986]). The prosecutor did not, in his summation comments, usurp the court's function of instructing the jury on the law (*see People v France*, 265 AD2d 424 [1999]; *People v Moran*, 175 AD2d 295 [1991]; *People v Johnstone*, 131 AD2d 782 [1987]).

Under the circumstances of this case, the imposition of consecutive sentences was not excessive (*see People v Mileto*, 290 AD2d 877, 880 [2002]; *People v Williams*, 226 AD2d 750, 752 [1996]). Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.