THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT GILL, Appellant. [864 NYS2d 135]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered February 16, 2006, convicting him of rape in the first degree, sexual abuse in the first degree, burglary in the first degree, robbery in the second degree, assault in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims regarding his cross-examination by the prosecutor at trial are unpreserved for appellate review because he failed to raise a specific objection that the prosecutor's questions were beyond the bounds of the *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371, 374-377 [1974]; *People v Hill,* 47 AD3d 838 [2008]; *People v Siriani,* 27 AD3d 670 [2006]). Moreover, several defense objections to the prosecutor's questions were sustained. Since defense counsel did not ask for a curative instruction or move for a mistrial when any of these objections was sustained, the trial court corrected the error to the defendant's satisfaction, and the issues pertaining to those

questions are unpreserved for appellate review (*see People v Morel,* 297 AD2d 757 [2002]; *see also People v Pinkney,* 48 AD3d 707, 708 [2008], *lv denied* 10 NY3d 843 [2008]). In any event, the prosecutor's cross-examination of the defendant was, in part, not unduly prejudicial (*see Portuondo v Agard,* 529 US 61, 67, 87 [2000]; *People v Pinkney,* 48 AD3d at 708; *People v Bryant,* 39 AD3d 768, 769 [2007]) and, to the extent that any of the prosecutor's questions posed to the defendant went beyond the bounds of the *Sandoval* ruling or were otherwise improper, any error was harmless (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Duggins,* 1 AD3d 450, 451 [2003], *affd* 3 NY3d 522 [2004]).

The defendant's contention that reversal is required because of improper remarks made by the prosecutor during summation is unpreserved for appellate review. The defendant either failed to object to the challenged remarks, registered one-word general objections, or, when an objection was sustained, failed to request further instructions or move for a mistrial (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v Osorio,* 49 AD3d 562, 563 [2008]; *People v Robbins,* 48 AD3d 711 [2008], *lv denied* 10 NY3d 869 [2008]; *People v Brown,* 48 AD3d 590, 591 [2008], *lv denied* 10 NY3d 860 [2008]; *People v Muniz,* 44 AD3d 1074, 1075 [2007]; *People v Salnave,* 41 AD3d 872, 874 [2007]). In any event, the challenged remarks constituted fair response to comments made during defense counsel's summation, were fair comment on the evidence, or were harmless (*see People v Galloway,* 54 NY2d 396 [1981]; *People v Ashwal,* 39 NY2d 105, 109 [1976]; *People v Crimmins,* 36 NY2d at 241; *People v Osorio,* 49 AD3d at 562; *People v Brown,* 48 AD3d at 591; *People v Dorsette,* 47 AD3d 728 [2008], *lv denied* 10 NY3d 862 [2008]; *People v Muniz,* 44 AD3d at 1075; *People v Montero,* 44 AD3d 796, 797 [2007]; *People v Owens,* 43 AD3d 1185, 1186-1187 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the convictions of burglary in the first degree, robbery in the second degree, and assault in the third degree. The People presented sufficient evidence that the victim suffered substantial pain and that the defendant's motive was to inflict such pain. Thus, the People established the element of physical injury beyond a reasonable doubt (*see People v Chiddick,* 8 NY3d 445, 447 [2007]; *People v Gomez,* 43 AD3d 763, 763-764 [2007]; *People v Krotoszynski,* 43 AD3d 450, 452-453 [2007]; *People v Berry,* 273 AD2d 120, 121 [2000]; *People v*

*Dailey,* 222 AD2d 278, 279 [1995]; *People v Fields,* 118 AD2d 725, 726 [1986]; cf. *People v Jimenez,* 55 NY2d 895, 896 [1982]; *People v Briggs,* 285 AD2d 651, 652 [2001]; *People v Barnes,* 261 AD2d 409, 410 [1999]; *People v Estes,* 131 AD2d 872 [1987]).

The sentence imposed was not excessive (*see People v Hobson,* 43 AD3d 1179, 1180 [2007]; *People v Suitte,* 90 AD2d 80, 86-89 [1982]). Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.