■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BALLINGER, Appellant. [880 NYS2d 650]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered July 10, 2006, convicting him of burglary in the third degree and attempted

burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's conclusion that the pretrial lineup was not unduly suggestive. "There is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance" (*People v Nieves,* 183 AD2d 854, 856 [1992]; *see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Herndon,* 47 AD3d 837 [2008]). Here, the lineup participants were similar to the defendant in appearance, and any minor differences in their physical characteristics or appearance were insufficient to create a substantial likelihood of misidentification (*see People v Herndon,* 47 AD3d at 837-838; *People v Cheung,* 255 AD2d 102 [1998]; *People v Pinckney,* 220 AD2d 539 [1995]; *People v Nieves,* 183 AD2d at 856).

The defendant's contention that indictment No. 2478/05, later consolidated with indictment No. 8191/05, should have been dismissed is not reviewable since the judgment of conviction was based upon legally sufficient trial evidence (*see People v Hayes,* 44 AD3d 683 [2007]; *People v Ragland,* 36 AD3d 943, 944 [2007], *cert denied* 552 US —, 128 S Ct 1880 [2008]; *People v Nealy,* 32 AD3d 400, 402 [2006]). Furthermore, the hearing court properly found that a witness's identification of the defendant at a photographic array furnished probable cause for his arrest (*see People v Walton,* 309 AD2d 956, 957 [2003]; *People v Soberanis,* 289 AD2d 343, 344 [2001]).

To the extent that the defendant's claims of ineffective assistance of counsel are based upon matter dehors the record, they may not be reviewed on direct appeal (*see People v Sabatino,* 41 AD3d 871 [2007]; *People v Williams,* 41 AD3d 517, 518 [2007]). Insofar as we are able to review these claims, defense counsel provided the defendant with meaningful representation (*see People v Taylor,* 1 NY3d 174, 176 [2003]; *People v Henry,* 95 NY2d 563, 565-566 [2000]; *People v Benevento,* 91 NY2d 708, 712 [1998]; *see also People v Sabatino,* 41 AD3d at 871).

The defendant's remaining contentions are without merit. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.