■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH FLOWERS, Appellant. [945 NYS2d 701]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered October 5, 2009, convicting him of burglary in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima face case (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see*

*People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

While questioning the complainant before the grand jury, the prosecutor once referred to August 17, 2007, instead of January 17, 2008, as the date the subject crimes occurred. To the extent the defendant contends that, as a result, the evidence before the grand jury was legally insufficient to indict the defendant for crimes allegedly committed on January 17, 2008, the contention is not reviewable on this appeal, since the defendant's guilt was proven beyond a reasonable doubt at trial (*see* CPL 210.30 [6]; *People v Oliver*, 87 AD3d 1035, 1037 [2011]; *People v Bajana*, 82 AD3d 1111, 1112 [2011]; *People v Parker*, 74 AD3d 1365, 1366 [2010]; *People v Folkes*, 43 AD3d 956, 957 [2007]). To the extent that the defendant contends, on the same ground, that the grand jury proceeding was defective, the defendant failed to establish any possibility that the single reference to the incorrect date prejudiced the ultimate decision reached by the grand jury, since the remaining evidence contained six references to the correct date of January 17, 2008, and, as such, was sufficient to sustain the indictment (*see* CPL 210.20 [1] [c]; 210.35 [5]; *People v Huston*, 88 NY2d 400, 409 [1996]; *People v Avant*, 33 NY2d 265, 271 [1973]; *People v Walton*, 70 AD3d 871, 873-874 [2010]).

The defendant's claim of prejudicial bolstering is unpreserved for appellate review, as defense counsel either failed to object to the challenged testimony, or objected on general hearsay grounds (*see People v McEathron*, 86 AD3d 915, 916 [2011]; *People v Hynes*, 193 AD2d 516 [1993]; *People v Vargas*, 155 AD2d 565 [1989]). In any event, while the investigating detective's testimony regarding the complainant's identification of the defendant from a photo array was improper, the error was harmless, as the evidence of the defendant's guilt, without reference to the improper testimony, was overwhelming, and there was no significant probability that, but for the error, the jury would have acquitted the defendant (*see People v Johnson*, 57 NY2d 969, 971 [1982]; *People v Brody*, 82 AD3d 784, 785 [2011]; *People v Herndon*, 47 AD3d 837 [2008]; *People v White*, 210 AD2d 271 [1994]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.